James H. **HEYWARD**, Appellant,

v.

**STATE of Indiana, Appellee.**

**No. 1283S454.**

Supreme Court of Indiana.

Nov. 2, 1984.

William F. Thoms, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant James H. Heyward was convicted by a jury in the Marion Superior Court of class A felony robbery, class B felony confinement and class A misdemeanor carrying a firearm without a license. The trial court subsequently sentenced him to thirty-five years imprisonment for robbery, ten years for confinement and one year for the misdemeanor offense. Appellant now directly appeals and raises the following two issues:

1. instruction 6 regarding involuntary intoxication, and

2. sufficiency of evidence.

The facts adduced during trial show that at approximately 8:30 p.m. on July 29, 1982, a woman ran into the M and D Lounge in Indianapolis, shouted that a man was trying to kill her and hid in a back room. A man later identified by two witnesses as being Appellant immediately thereafter "busted" in the bar's front door, brandished an automatic pistol, asked where the woman was, ejected two shells from the gun and stated that he was going to kill her. No one responded to Appellant whereupon he ordered everyone to lie on the floor. After stating his intention to rob the cash register, Appellant ordered the bar's customers to stand up and go into a back room. One customer was struck across the back of his head and injured by Appellant. Appellant then ordered the "bar-maid" to empty the contents of the cash register into a brown shaving case whereupon Appellant left. Indianapolis police officer Charles Briley was on patrol in the vicinity of the bar at that time and received a police radio broadcast indicating the robber's description and vehicle. Shortly thereafter, Briley sighted Appel-

lant in his car and stopped him. The brown case full of money and the automatic pistol were found in the car's front seat. Appellant did not possess a gun permit for the pistol.

## I

At trial, Appellant presented a witness whose testimony suggested that Appellant was involuntarily intoxicated when the instant crime was committed. Specifically, Robert Evans Walker testified that during the late afternoon hours of July 29, 1982, he "dropped three LSD pills" into Appellant's can of beer hoping to intoxicate Appellant such that he could steal Appellant's money. Appellant tendered to the trial court a proposed instruction to inform the jury that involuntary intoxication operates as a "complete defense to any crime." The trial court combined Appellant's proposal with one of the State's tendered instructions, however, and gave the following final instruction 6:

"It is a defense that the defendant committed the crime charged while intoxicated, if the intoxication resulted from the introduction of a substance into his body:

(1) without his consent; or

(2) when he did not know that the substance might cause intoxication.

This is called the defense of involuntary intoxication and it operates as a complete defense to any crime. Involuntary intoxication may result from involuntary introduction of alcohol or any other drug into the body.

Involuntary intoxication is a defense to a crime if the intoxication rises to the level that a defendant lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law."

■ Appellant is correct that the defense of involuntary intoxication may afford a complete defense which excuses the criminality of an act. Ind.Code § 35–41–3–5(a) (Burns 1979). To operate as a complete defense, however, the intoxication must be shown to have been of such a degree as to have deprived the accused of the power to deliberate or form the necessary design or guilty intent. *Jackson v. State*, (1981) Ind., 426 N.E.2d 685. This is to say that the intoxication must have at least temporarily put the accused into a state of mind which resembled insanity. For this reason, the trial court was correct to modify Appellant's proposed instruction by adding the language taken verbatim from Ind.Code § 35–41–3–6(a) (Burns 1979), Indiana's insanity defense statute. The language taken from the statute and incorporated into the instruction was: "lacked substantial capacity either to appreciate the wrongfulness of the [his] conduct or to conform his conduct to the requirements of law." We do not find that the trial court misstated the law by its instruction 6. Accordingly, we find no error.

## II

■ Appellant next argues that the jury's verdict was not sustained by sufficient evidence. Specifically, he argues that the State failed to negate his involuntary intoxication defense. Although Appellant introduced certain testimony to suggest that he was involuntarily intoxicated when the instant crimes were committed, several witnesses testified that Appellant talked and acted in a way which appeared sober to them. Forrest Carter and Dan Brown testified that Appellant did not appear drunk as his speech, movement and eyes seemed normal. Arresting Officer Charles Briley testified that he believed Appellant was not "under the influence" when arrested shortly after these crimes were committed. Alice Wilson, the "bar-maid", testified that the "whole thing seemed like an act to me." With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Tabor v. State*, (1984) Ind., 461 N.E.2d 118; *Prine v. State*, (1983) Ind., 457 N.E.2d 217. Reviewing the evidence in the

instant case, we find more than sufficient evidence was presented to the jury to permit it to find that Appellant was not intoxicated when he committed the crimes and we will not disturb that judgment.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.