**Kermit Ray GEARY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 985S377.

Supreme Court of Indiana.

Sept. 15, 1986.

Dennis R. Tackett, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kermit Ray Geary was convicted at the conclusion of a jury trial in the Clark Circuit Court of burglary, a class C felony; theft, a class D felony; and of being an habitual offender. He was sentenced to five (5) years for burglary and two (2) years for theft, to be served concurrently, and his sentence was enhanced by thirty (30) years due to the habitual offender finding, for a total sentence of thirty-five (35) years. On direct appeal, the sole issue for our consideration is whether Appellant was denied the right to effective assistance of counsel.

On November 30, 1983, Appellant broke and entered the Plaza Pharmacy in Jeffer-

sonville, Indiana, and stole a large quantity of drugs. He was apprehended as he attempted to leave the area. Appellant's first trial was based in part on the defense of entrapment and resulted in a hung jury. At Appellant's second trial, Defense Counsel again filed notice to rely on the defense of entrapment, as well as the names of various witnesses who allegedly would testify in support of the defense of entrapment. The trial court granted Appellant's motion to compel the attendance of the out-of-state witnesses, but none of the witnesses testified at trial. Appellant maintains his Defense Counsel's failure to call these witnesses resulted in a denial of his right to effective assistance of counsel.

Under our standard of review for alleged ineffective assistance of counsel, Appellant must show the alleged acts or omissions by Defense Counsel fell outside the wide range of competent professional assistance. There is a strong presumption that the attorney rendered adequate legal assistance. Appellant must show also that the attorney's errors had an adverse effect upon the judgment. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96, *reh. denied* (1985), *cert. denied* (1986), —— U.S. ——, 106 S.Ct. 1241, 89 L.Ed.2d 349; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.* Appellant must affirmatively prove he was prejudiced by showing that but for the unprofessional errors, the result of the proceedings would have been different. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294.

In his brief, Appellant Geary states: "At his first trial, Geary presented the defense of entrapment and a number of witnesses were called to prove the defense; Geary himself testified and the jury was unable to return a verdict." We are not told what witnesses testified at the first trial, nor are we told what their testimony was. Appellant's arguments in presenting this issue seem to presume that the reason the jury

was not able to reach a verdict of guilty was because of the entrapment defense. We, of course, do not know what the jury considered in reaching the results it did. Defense Counsel had to make some appraisal of the situation and frame his strategy accordingly in the second trial. The record shows Defense Counsel did take some preliminary steps to attempt to present the witnesses, but did not call them at the trial. Appellant alleges it was the negligence of Defense Counsel in handling the subpoena process of the out-of-state witnesses that resulted in the failure of the witnesses to appear. To make such a finding would require us to speculate on the facts presented to us. We could as well conclude that Defense Counsel determined the best strategy was not to call the witnesses. In reviewing the activities and results of the first trial, and in reviewing the nature of the witnesses and the risk of their testimony, Defense Counsel may have determined that Appellant stood a better chance without them. Matters of strategy and judgment alone are insufficient to establish ineffective representation. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 978.

The defense of entrapment apparently was based on the fact that Edward Lee Hendricks was an undercover agent working for the police and it was he who induced Appellant to commit this crime. The out-of-state witnesses and the testimony Appellant claims they would have made are:

"Marcella Rodger would testify that Hendricks telephoned her home for several days prior to the commission of the offenses in numerous attempts to contact the defendant; Detectives Rusty Wilson, Woody Cross and Willie Tingle, officers of the Louisville Police Department, would be expected to admit that Hendricks was acting in concert with the police in entrapping Gary; Hendricks was expected to admit that he was, in fact, working in conjunction with the police in inducing Geary into committing the charged offenses; Juanita Hendricks

was expected to admit that Edward Lee Hendricks, her husband, was acting at the direction of the police in persuading Geary to participate in the charged offenses; Jay Bray was expected to testify that Edward Lee Hendricks had received compensation from the police for helping to entrap Geary in the charged offenses; Norman Chinn and Norman Chinn, Jr., were expected to testify that Edward Lee Hendricks had acted in concert with officers of the Louisville Police Department in inducing them to commit an unrelated crime in Jefferson County, Kentucky, that they otherwise would not have committed; Trooper Michael Boone, of the Kentucky State Police, was expected to testify and produce his records that Edward Lee Hendricks, on a certain unrelated occasion, induced James Sullivan to commit an offense for which he was not predisposed."

Appellant also attempted to have his counsel call James Sullivan and Billy Fields, both of whom were serving time in Kentucky prisons and were expected to testify that they themselves were entrapped into committing offenses in Kentucky by the same police agent, Edward Lee Hendricks.

Although Appellant claims that all of these witnesses would be expected to testify as he has indicated, he conceded in his brief that he does not know what these witnesses would testify to had they been called. Defense Counsel, of course, had to make his appraisal of these witnesses based on his judgment that they might very well testify contrary to what Appellant has alleged he expected them to do. It would be a rather strong presumption that all of the police officers would testify that they deliberately entrapped this Appellant. It also is questionable whether testimony would be admissible of witnesses who would testify they were charged with crimes in which it was their claim they were entrapped. We cannot help but note that in addition to that, with reference to James Sullivan and Billy Fields, the credibility of their contentions might also be in question since they were serving time in prison which would indicate that the de-

fense of entrapment was not successful in their trials. We, therefore, cannot conclude that Defense Counsel's decision to omit these witnesses fell outside the wide range of competent professional assistance required in our standard of review set out above. We also cannot find that the failure to present these witnesses prejudiced the Appellant to the extent that the result of the proceedings would have been different had they been presented. *Lawrence,* Ind., 464 N.E.2d at 1294. Accordingly, we find no reversible error in this issue.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.