Bruce A. HAYMAKER, Appellant,

v.

STATE of Indiana, Appellee.

No. 53S00–8701–CR–24.

Supreme Court of Indiana.

Sept. 22, 1988.

June D. Oldham, Indianapolis, for appellant.

Linley E. Pearson, Michael Gene Worden, Attys. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Attempted Robbery on Count I, a Class B felony, for which he received a sentence of fifteen (15) years; Conspiracy on Count II, a Class B felony, for which he

received a sentence of fifteen (15) years, which was enhanced by thirty (30) years due to a finding that he is an habitual offender; Robbery on Count III, a Class B felony, for which he received a sentence of fifteen (15) years; Robbery on Count IV, a Class B felony, for which he received a sentence of fifteen (15) years; and Carrying a Handgun Without a License on Count V, a Class A misdemeanor, for which he received a sentence of one (1) year. The sentences on Counts I, II, and V were ordered to run concurrently; the sentence on Count III was ordered to run consecutively with those of Counts I, II, and V; and the sentence for Count IV was ordered to run consecutively to Count III. Thus, appellant's incarceration period totals a determinant period of seventy-five (75) years.

The facts are: At approximately 10:45 p.m. on February 11, 1986, the east side Pizza Hut in Bloomington, Indiana was robbed by two men armed with handguns. The robbers wore ski masks and dark gloves, and one robber was two or three inches taller than the other. Their ski masks were pulled down over their faces so that none of their features showed, but the inner layer of material had been cut away around the eye portion to allow them some visibility. The robbers took money from the cash register and the safe, then took the employees' wallets.

The same Pizza Hut was robbed again at approximately midnight on February 22, 1986 by two men wearing the same type of ski masks. Like the previous robbery, they forced the store manager at gunpoint to locate the safe, and they emptied the cash register and employees' wallets. One robber was taller than the other.

About 11:00 p.m. on February 22, a witness standing near the Pizza Hut observed two men as they ran by her. One was carrying a square-shaped object in a bag. The taller one was blonde and his shorter counterpart had medium brown hair. From a photographic lineup, the witness identified appellant as one of the men she saw running away from the Pizza Hut.

On February 27, 1986, Giovanni Pizza in Indianapolis was robbed at approximately 12:45 p.m. Two men wearing brown or rust-colored ski masks ordered employees at gunpoint to open the cash register, and they placed the money in a bag. The robbers left the restaurant after an employee told them she could not open the safe because she did not know the combination. One of the robbers was several inches taller than the other.

On the night of March 16, 1986, Bloomington Police Officer William Parker sat in an unmarked police car in the north side Pizza Hut parking lot. His duty was to watch for any suspicious activity similar to the robberies which had occurred in the area.

Shortly after midnight two men in a green Chevrolet Impala pulled up to the entrance of the restaurant and peered inside. The driver then glanced across the parking lot and looked directly at Officer Parker, who was wearing a uniform. The driver looked at the passenger, who then looked at the officer, and they quickly accelerated out of the parking lot.

Officer Parker radioed for assistance in stopping the green Impala. Officer Hunter stopped the vehicle, which was travelling above the speed limit. He noticed that one of the men in the car was slightly taller than the other.

Officer Crouch appeared to assist Officer Hunter and found a gun on the floorboard of the car. The officers asked the men for some identification. Their licenses revealed that they were appellant Bruce Haymaker and Doren Martin. When police patted appellant down in search of a weapon, they found in his shirt pocket a piece of paper which listed addresses of Kentucky Fried Chicken restaurants around Indianapolis.

Appellant and Martin were taken to the Bloomington Police Department, and police conducted an inventory search of their vehicle. Inside the car, police found two loaded handguns, one rust and one maroon-colored ski mask, both of which had been altered for visibility, and brown, jersey-style gloves. Appellant and Martin were each wearing two pairs of pants of different colors and fabrics. A bag found in the

trunk contained more gloves and ammunition. The listings of pizza and fast-food restaurants torn from a telephone directory were found in the car, along with a city map of Bloomington. Rolls of coins were also found in their car.

Employees of the pizza restaurants who witnessed the robberies identified the guns, ski masks, gloves, and clothing found in appellant's vehicle as similar to those they saw during the robberies. Also, the approximate heights and weights of the robbers matched that of appellant and Martin.

Tim Bunton testified that he was with appellant and Martin when they robbed Giovanni's. He went with appellant to rob the store while Martin remained in the car. He said that appellant and Martin put on two pairs of pants and other clothing to fool the police, and he identified the guns and ski masks found in appellant's car as the ones used in the robbery.

Appellant was charged and convicted of Robbery for both the February 11 and 22 incidents, Attempted Robbery for the March 16 incident, Conspiracy and Carrying a Handgun Without a License.

Appellant argues the evidence is insufficient to sustain his convictions. Appellant recognizes that on appeal, this Court will not reweigh the evidence or judge the credibility of witnesses. However, he asserts that the State failed to prove he took a substantial step toward committing the robbery on March 16. We disagree with appellant on this issue. However, since we remand this case and order the attempt conviction vacated for other reasons, we will not dwell further on this issue.

Appellant also argues the evidence is insufficient to sustain his conspiracy conviction. He states that his driving into a parking lot with stocking caps and driving away amounts to no more than a suspicion of an agreement.

■ A conviction for conspiracy may rest on circumstantial evidence alone. The agreement, as well as the *mens rea,* may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act. *Gann v. State* (1988), Ind., 521 N.E.2d 330. We find sufficient circumstantial evidence to support the conclusion that appellant formed an agreement with Martin to commit criminal acts and that they took substantial steps in pursuance of those acts.

Appellant also argues that the evidence does not sufficiently establish that he is the person who robbed the Pizza Hut on February 11 and February 22.

■ Identification must be of such a substantial nature as to remove any reasonable doubt; identification, however, may be established by circumstantial evidence. Where the sufficiency of circumstantial evidence is in question, we examine it with the view of deciding whether an inference may reasonably be drawn therefrom tending to support the finding of the trial court. *Johnson v. State* (1978), 177 Ind.App. 501, 380 N.E.2d 566.

■ Inferences may reasonably be drawn from the eyewitnesses' testimony, the weapons, the clothing and masks found with appellant, and appellant's *modus operandi* during the robberies to support the trial court's finding. We find the evidence is sufficient to support appellant's convictions.

Appellant contends the trial court erred in allowing the State to introduce evidence of other criminal activity involving him for which he was not charged.

At trial Tim Bunton testified that he, Martin, and appellant robbed Giovanni's Pizza in Indianapolis and he admitted robbing another Pizza Hut in Indianapolis. A photograph of a masked man holding a gun was admitted during Bunton's testimony. He said it was a photograph of appellant taken as he robbed a Giovanni's on February 17. Sergeant Paul Wells testified that the lists of addresses found in appellant's pocket were of Kentucky Fried Chicken restaurants, and one of them was robbed.

■ Appellant acknowledges that no objection was made to this testimony at trial, but he believes its admission constituted fundamental error. Fundamental error is error that if not corrected would deny a

defendant fundamental due process. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

Appellant is correct in his assertion that evidence of other criminal activity is inadmissible to prove a defendant's guilt of the crime charged, except in cases to show motive, identity, common scheme or plan, or depraved sexual instinct. *Malone v. State* (1982), Ind., 441 N.E.2d 1339. The trial court has broad discretion in ruling upon the relevance of such evidence. *Clarkson v. State* (1985), Ind., 486 N.E.2d 501.

■ The testimony concerning appellant's prior robberies of fast-food establishments showed the pattern in his holdup procedure. Such evidence established his intent, motive, and common scheme. Accordingly, the trial court did not err in admitting the evidence.

Appellant claims he was denied effective assistance of counsel because of his counsel's failure to object to the testimony concerning the Giovanni Pizza robbery discussed above.

Appellant must overcome with strong and convincing evidence the presumption of his counsel's competency. *Stewart v. State* (1988), Ind., 517 N.E.2d 1230. Appellant also must prove that he was prejudiced by showing that, but for his counsel's errors, the result of the proceeding would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228.

■ We stated above that no error occurred in the admission of evidence about appellant's prior robberies. Therefore, he has shown no prejudice from his counsel's failure to object to the testimony.

■ Appellant argues the trial court erred in allowing the State to amend the habitual offender information.

The original habitual offender information alleged a prior burglary on June 19, 1978 and a prior burglary on June 9, 1983. At the habitual offender proceeding, appellant stated that the 1983 burglary conviction had been vacated, and he showed the burglary had been modified to a theft conviction. The trial court commented that despite the five pretrial conferences, the

theft conviction was a surprise to the court and prosecution. Over appellant's objection, the State was allowed to amend the information to reflect an April 2, 1985 conviction of theft.

Appellant asserts his rights were prejudiced by the amendment because he was prepared to defend only the allegation of the burglary conviction.

We agree with the State's position that appellant has failed to show prejudice from the amended information. He was fully aware of the disparity in crimes alleged. The cause number remained unchanged, so appellant cannot allege that the amendment to the theft conviction was a surprise for which he could not have prepared or that the identity of the convictions used for habitual offender purposes was unknown by him. *Denton v. State* (1986), Ind., 496 N.E.2d 576; *Wright v. State* (1984), Ind., 467 N.E.2d 22. We find no error.

Appellant contends the trial court erroneously allowed State's Exhibit Number 35 into evidence during the habitual offender proceeding. State's Exhibit 35 contained the information discussed above for both burglary and theft under the same cause number, and other documents relating to that conviction.

Appellant concedes that no factual basis can be found for the error alleged by trial counsel in the motion to correct error; thus, the issue is deemed waived for purposes of appeal. *Lambert v. State* (1983), Ind., 448 N.E.2d 288.

■ Appellant argues the determination of his status as an habitual offender is not supported by sufficient evidence. He asserts that mere certified copies of judgments and commitments containing a name similar to his are not sufficient to establish that he has twice been convicted of felonies and that the State has failed to prove that he is the person named in the documents.

During the habitual offender proceeding, the State introduced the informations, commitments, and other documents pertaining to Bruce Haymaker's convictions for burglary in 1978 and burglary in 1983.

Generally, judgments with the defendant's name on them alone are not enough to prove that he has committed prior felonies. However, the question of the defendant's prior convictions is for the jury's determination, and the defendant's identity may be proven by circumstantial evidence. *Gilliam v. State* (1987), Ind., 509 N.E.2d 815. If the evidence yields logical and reasonable inferences from which the trier of fact may determine it was indeed the defendant who was convicted of felonies twice before, then sufficient connection has been shown. *Coker v. State* (1983), Ind., 455 N.E.2d 319.

During appellant's case, he testified that he is the same Bruce Haymaker who pled guilty to burglary in 1978 and to burglary, which was later amended to theft, in 1983. The cause numbers of the cases about which appellant testified matched those of the documents submitted by the State during the habitual offender phase. We find the evidence is sufficient to support the findings of the jury.

 Appellant asserts he was subjected to double jeopardy when he was sentenced to both Count I and Count II. He asserts that a single set of operative facts gave rise to both the attempt to commit robbery in Count I and the conspiracy to commit robbery in Count II, thus the charges cannot stand. Indiana Code § 35–41–5–3(a) states:

"A person may not be convicted of both a conspiracy and an attempt with respect to the same underlying crime."

The State urges that we follow *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893, which held that the focus during sentencing of multiple convictions is whether each offense requires proof of facts which the other does not. We held that the proof of facts for theft and conspiracy to commit theft are not the same and the imposition of separate sentences for each count was correct.

The *Elmore* case, however, is distinguishable from appellant's. The charges in question in appellant's case are attempt and conspiracy, not the underlying offense of robbery and conspiracy. The informa-

tion shows that appellant was charged with both conspiracy and attempt for the same underlying crime. To apply *Elmore* to appellant's case would be to ignore the mandate of Ind.Code § 35–41–5–3(a).

We agree with appellant that his conviction and sentences under both Counts I and II cannot stand. On this issue, we remand with instructions to vacate appellant's conviction and sentence for attempted robbery. In all other regards, the convictions and sentences are affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.