Robert WILSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 82S00–8802–CR–223.

Supreme Court of Indiana.

Jan. 20, 1989.

Terry Noffsinger, Noffsinger & Dieg, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

## PER CURIAM.

A jury trial resulted in the conviction of appellant of Murder, for which he received a sentence of sixty (60) years, Attempted Voluntary Manslaughter, for which he received a sentence of twenty (20) years, and a second count of Attempted Voluntary Manslaughter, for which he also received a sentence of twenty (20) years, all sentences to run consecutively.

The facts are: Appellant, who was an alcoholic, frequently stayed in an apartment in the back of the K & B Tavern in Evansville. That apartment was occupied by Bernice Foley, the proprietor of the tavern. Evidence showed that appellant was jealous of the attention paid by others to Foley and had on past occasions fired a gun inside the tavern.

Appellant began drinking on the morning of December 12, 1985. He spent most of the day inside the K & B Tavern. Appellant and the night bartender, Jeffery Brown, the decedent in this case, did not get along well. At approximately 5:00 that evening, appellant became disorderly, and at Foley's request, Brown undertook to remove appellant from the bar. When appellant swung at Brown, Brown grabbed appellant's arm and wrestled him to the floor. Brown then grabbed appellant's feet and dragged him out the door. The two men had words outside the tavern, and when they returned inside, things seemed to be all right.

Appellant sat down but Foley refused to serve him and asked him to leave. Before he left, appellant asked Douglas Ruff if he should shoot Brown. Ruff told him it was not worth it—Brown was leaving soon for a new job in Florida. He told appellant to go to his place down by the river. Appellant agreed and Ruff helped him load some tools into the back of his truck. Ruff testified that appellant did not appear to be drunk at the time and appeared to know what he was doing.

Instead of going to the river as instructed by Ruff, appellant went to another tavern nearby where he consumed three beers over a period of two and one-half hours. The bartender at that tavern testified that appellant did not appear to be drunk except that he brought up some strange subjects. While still in that tavern, appellant told the patrons that he was tired of everybody "crapping" on Foley and that he was going to end up blowing somebody's head off. He mentioned that he had a bottle of whiskey and was going to drink it. He left the tavern at approximately 9:00 p.m.

Around 10:00 p.m., appellant reentered the K & B Tavern carrying a gun and said, "Jeff, I'm going to shoot you." Brown ran away from appellant and attempted to jump over the bar. However, appellant shot him. The bullet entered Brown's chest and caused his death. Robert Fischer also attempted to run from the room but was shot in the back; later a .38 caliber bullet was removed at the hospital. Edward Jones, who was sitting at the bar when appellant walked in, attempted to intervene to prevent appellant from firing further shots. However, appellant put his pistol up to Jones's stomach and fired. Jones is now paralyzed from that wound.

When police arrived, appellant had locked himself in the apartment at the rear of the tavern. A standoff occurred between the police officers and appellant, during which he stated, "They pushed me too far." He asked if the people were dead. He then asked for a particular officer by name who was not present. Another officer attempted to impersonate him but this did not fool

appellant. They eventually lured appellant from the apartment by offering him a drink of whiskey. He laid his gun down and came out unarmed to accept their offer. At 11:48 p.m., he was administered an intoxilyzer test which registered .26 blood alcohol content.

■ Appellant claims the trial court erred by refusing to admit his Exhibit C which was a copy of the chart set forth in Ind.Code § 35–33–1–6 used by police to determine the detention time before release of a prisoner arrested for an alcohol-related offense. Appellant is in error.

He misconstrues the situation in the case at bar. The chart contained in Ind.Code § 35–33–1–6 is not at all germane to his situation. The question is not whether appellant was intoxicated but whether he was so intoxicated that he could not form the intent to commit the crime. This is not a question to be determined from a chart but rather is one to be determined by the jury given the facts of appellant's behavior before, during, and after his commission of the offense. *Terry v. State* (1984), Ind., 465 N.E.2d 1085; *Heyward v. State* (1984), Ind., 470 N.E.2d 63.

The trial court did not err in refusing to admit appellant's Exhibit C.

■ Appellant claims the trial court erred in sentencing him to murder on Count I and attempted voluntary manslaughter on Counts II and III. He contends such sentences were inconsistent in that all three counts were based upon shootings which occurred at the same time. We see nothing inconsistent with the verdicts or the sentencing thereon. Although the shootings occurred at the same time, there is a marked difference between them. There is ample evidence in this record for the jury to find that appellant entered the tavern with the purpose in mind of killing Brown, which he in fact accomplished. The jury thus was justified in finding appellant guilty of murder in that instance.

On the other hand, there is no evidence that appellant bore any animosity towards either Jones or Fischer. Fischer was struck in the back by a bullet fired from appellant's gun as he attempted to flee the scene. The jury was well within the evidence to find that in his anger appellant struck out at Fischer on the spur of the moment simply because he happened to be there and was a moving target. Jones was a patron at the bar who knew appellant and when he heard the first two shots he shouted at appellant and attempted to disarm him. In the process, appellant managed to shoot Jones in the abdomen. The jury was justified in determining that appellant had no initial intent to injure Jones but did so out of anger at Jones's intervention.

Under the facts of this case the jury was well within its right to determine that a different state of mind existed as to the shooting of Brown and the other two victims. *Begley v. State* (1981), 275 Ind. 235, 416 N.E.2d 824; *Hardin v. State* (1980), 273 Ind. 459, 404 N.E.2d 1354. The trial court did not err in sentencing appellant.

■ Appellant contends the State failed in its burden of proof concerning his attempted manslaughter conviction resulting from the shooting of Fischer. He claims the State failed to prove that Fischer did anything which would arouse the sudden heat or passion of appellant. This same argument was made in *Hardin, supra* and held to be without merit. The evidence in this case is ample to support both verdicts of attempted voluntary manslaughter.

■ Appellant claims the court erred in sentencing him to a maximum number of years and in imposing consecutive sentences in that the court failed to consider evidence of mitigation. In sentencing appellant, the trial court gave among his reasons for increasing the sentences that appellant was a chronic alcoholic who continued to minimize the severity of his illness, that he had not responded to previous treatment for his condition at St. Mary's Medical Center Chemical Dependence Unit, that on a previous occasion he had fired a gun inside the K & B Tavern, that he had been convicted of carrying a handgun without a permit, that to reduce his sentence would depreciate the seriousness of the crimes, and that he is in need of correctional treatment and must be admitted to a

correctional institution. The court further found that there were no mitigating circumstances.

Appellant claims that the fact he was an alcoholic and was drunk at the time the offense was committed and that he showed remorse were mitigating factors which should have been considered by the court. The fact that appellant was drunk at the time the offense was committed went only to his ability to form intent which question was fully presented to the jury and determined by them. The trial court did not err in finding there were no mitigating circumstances.

■ Appellant contends the trial court erred in allowing the testimony of John Wallace and Mark Chandler.. Neither of these witnesses was listed on the State's original witness list presented to appellant prior to trial. However, at the beginning of the third day of trial, the State announced that two witnesses had been discovered at the end of the proceedings the day before. The prosecutor stated he had been told of these witnesses by other State's witnesses but had never heard of them before that time.

Both witnesses were subpoenaed to appear and statements were taken from them that night. The State then gave copies of the statements to appellant the next morning. The court ruled that the two witnesses could testify then gave appellant the opportunity to go over the statements with the witnesses. One full day elapsed before appellant began to present his defense in the case. There is no indication in this record that the State attempted to evade the court's discovery order or that there was any attempt to trick or mislead appellant. Under such circumstances, the trial court was well within its discretion to permit the witnesses to testify. *Murray v. State* (1985), Ind., 479 N.E.2d 1283.

■ Appellant claims the court erred in giving State's Instructions Nos. 2, 4, and 5, for the reasons they were duplications of other instructions, lessened the State's burden of proof, misled the jury, and did not fully state the law with regard to voluntary intoxication. Instructions must be construed as a whole and if when so considered they state the law fully and correctly they are not erroneous. *Washburn v. State* (1986), Ind., 499 N.E.2d 264. When read as a whole, the instructions correctly advise the jury as to the defense of a lack of intent due to intoxication. The trial court's instructions correctly stated the law on this subject as set forth in *Terry, supra* and *Heyward, supra*. The trial court did not err in giving the instructions.

■ Appellant contends the trial court erred in reading instructions to the jury concerning the charged offenses in that they included statements indicating what class of felony they constituted. He claims this was error because it is not proper for the jury to be told the penalties to be imposed upon conviction, citing *Wisehart v. State* (1985), Ind., 484 N.E.2d 949, *cert. denied* (1986), 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556. However, the court in its instructions did not mention the amount of penalty involved but merely instructed the jury as to the possible verdicts which properly included the class of felony involved. This in no way instructed the jury as to the penalty which would be imposed by the court upon conviction. The trial court did not err in indicating the class of felony within its instructions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.

GIVAN, J., concurs in result.