Ronald G. ROBINETT, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8903–CR–245.

Supreme Court of Indiana.

Nov. 27, 1990.

Rehearing Denied Feb. 13, 1991.

William Byer, Jr., Byer & Gaus, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder, for which he was sentenced to a term of (sixty) 60 years.

The facts are: On August 29, 1987, appellant and the victim, Karen Clark, were left alone at the home of Jane Hewitt at 316 Hendricks Street in Anderson, Indiana.

Between 3:30 and 4:00 a.m. on August 30, appellant went to the home of Stella Raison, his mother, and indicated that he needed money to get out of town. He indicated to his mother he thought he had "done it up big;" he thought he had killed someone. When Jane and her boyfriend, Ray Lauderbaugh, returned home, they discovered the body.

Early in the morning of August 30, 1987, Officer Richard Richwine of the Anderson Police Department was called to investigate the homicide. After his investigation at the scene, he and another detective proceeded to the home of appellant's mother. Upon their arrival, Detective Richwine asked to speak with appellant. Detective Richwine asked appellant if he would mind going to the police station to talk with them, to which appellant agreed. However, before leaving the home, Detective Richwine asked appellant for his clothes from the previous night. Upon observing the clothing, Detective Richwine noticed it

was bloodstained and put it into a sack. After the interview, the officers took appellant to the hospital where Nurse Bowen took swabbings of areas of his body where there were scratches and blood.

Dr. John Pless performed the autopsy of Karen Clark and determined that the cause of death was a severe blunt force injury to the head. He testified that the injury was consistent with a bloodstained bowling pin found near the victim's body. In addition, testimony was presented which showed that a fingerprint found on the bowling pin was that of appellant. Testing of the blood found on appellant's jeans disclosed that the blood type was not that of appellant. They were not able to eliminate Karen as the source of the blood. This was likewise true of the swabbings taken from appellant and the socks he wore on the night of the murder.

■ Appellant contends the trial court committed reversible error in denying his motion for a continuance of the trial.

The trial was scheduled to commence on August 1, 1988. Prior to commencement of the trial, appellant moved for a continuance and the trial court granted the request, rescheduling the trial to begin on August 8, 1988. On August 5, 1988, appellant again moved for a continuance stating that additional time was required due to responses received from the State. Following a hearing on this matter, the trial court denied appellant's request.

· Appellant contends the trial court erred in denying his motion and bases his claim on discovery responses received from the State on July 28 and August 4. The July 28 response consisted of an additional witness list which named three FBI agents as witnesses and the August 4 response consisted of supplements to earlier statements, voluntary statements, and FBI reports.

In support of his position, appellant cites Ind.Trial Rule 53.5 which reads as follows:

"Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence. The court may award such costs as will reimburse the other parties for their actual expenses incurred from the delay."

Appellant also cites *Davis v. State* (1986), Ind., 487 N.E.2d 817 for the proposition that fundamental error occurs where it is established that adequate time was not afforded. Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Haymaker v. State* (1988), Ind., 528 N.E.2d 83. We find appellant's reliance on *Davis* does not support his position.

In general, denial of a motion for a continuance is reversible error only where that discretion is abused and an abuse of discretion occurs when it is shown by the record that the defendant was prejudiced by the denial of the motion. *Harris v. State* (1981), Ind., 427 N.E.2d 658. In the instant case, counsel for appellant had from July 28 until August 8, eleven days, to prepare for these additional three witnesses and from August 4 until August 8, four days, to prepare for the additional supplements. Appellant in the instant case only makes the general assertion of prejudice but in no manner shows any resulting prejudice. In fact, the record clearly shows that the FBI witnesses were thoroughly cross-examined. In light of what the record shows, we fail to find that the trial court erred in denying appellant's motion for a continuance let alone appellant's contention of fundamental error in denying the motion.

■ Appellant argues the trial court erred in sustaining the State's objection to testimony as to a statement by a State's witness. Appellant sought to introduce testimony by witness Robert DeWitt that State's witness Ray Lauderbaugh, several months after the murder, stated to Jane Hewitt's children that if they did not start minding and listening, he would beat one of them to death because he had done it before. The State objected on grounds of relevancy and hearsay to which the trial court agreed.

The trial court has wide latitude in ruling on the admissibility of evidence and in determining its relevancy. *Grimes v. State* (1983), Ind., 450 N.E.2d 512. Evidence

which is relevant is that which tends to throw light on the guilt or the innocence of a party or which has a logical tendency to prove a material fact. *Id.* We will reverse only upon a showing that such discretion has been manifestly abused and that the complaining party has been denied a fair trial. *Id.* Upon review of the record, we cannot say that there was a manifest abuse of discretion on the part of the trial court in sustaining the State's objection to this evidence.

■ Appellant contends the trial court erred in permitting testimony regarding certain test results. He argues that the trial court erred in allowing witness Brown, an FBI agent, to testify regarding his conclusions on certain tests conducted.

The State offered into evidence Exhibits Nos. 43, 44, and 45. Each of these exhibits consisted of small bags containing swabs taken from appellant during the investigation. Susan Bowen, the registered nurse who initially administered the cotton swabs to appellant, testified as to these exhibits. Thereafter they were offered into evidence through the testimony of FBI Agent Douglas Dedrick. The State then called John Brown, an FBI agent assigned to laboratory investigations, as a witness.

The following testimony was elicited from Agent Brown regarding these exhibits:

"State's Exhibit number 43 is a pair . . . excuse me, is a pair of swabs that bear the FBI inventory numbers Q48 as well as Q49 and each of the swabs bears my initials, JRB. State's Exhibit number 44 is a pair of swabs that bear the FBI inventory numbers Q50 as well as my initials, JRB, and Q51, likewise bearing my initials. State's Exhibit number 45 are three swabs. The first swab bears the FBI inventory number Q52 as well as my initials, JRB. The second swab bears the FBI inventory number Q53 and my initials and the last swab in the container bears the FBI inventory number Q53A as well as my initials, JRB."

The State then questioned the witness regarding the test results. Defense counsel objected claiming that earlier testimony by witness Bowen revealed that she had put one swab in the container of each exhibit. Nurse Bowen was recalled and testified that she may have used more than one swab for each area of appellant from which swabbings were taken. She also testified that she definitely had put the swabbings from each individual area in an individual container and handed them directly to the police officer.

Appellant contends that testimony concerning the exhibits was error because an improper chain of custody existed. This doctrine requires an adequate foundation to be laid showing the continuous whereabouts of the exhibit beginning with the time it came into the possession of the police. *See Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652.

During the investigation, a court order was obtained for certain samples to be taken from the body of appellant. Thereafter appellant was taken to St. John's emergency room, and under the guidance of Dr. Hanon, registered nurse Susie Bowen took the samples. Throughout this process, Officer Christian was present. Officer Christian then took possession of all the samples obtained by nurse Bowen. Included in the samples were State's Exhibits Nos. 43, 44, and 45.

Officer Christian testified that upon receiving these exhibits he filled out a property tag on each of these exhibits. Each tag indicated that nurse Bowen had obtained the samples. Upon receiving all the exhibits, Officer Christian immediately placed them in the lab at the police station under the direction of Officer First. Officer Christian further testified that he did not change the contents of any of the exhibits. During trial, State's Exhibits 43, 44, and 45 were offered into evidence through FBI agent Douglas Dedrick. Counsel did not object at the time the State offered these exhibits into evidence.

It is abundantly clear from the record that a proper chain of custody was established. We find no error.

■ Appellant contends the trial court committed reversible error in overruling

counsel's objection to an agent of the State being present during counsel's interview of State's witnesses.

During the trial and out of the presence of the jury, counsel objected to the fact that during defense counsel's interviews with State witnesses an agent for the State of Indiana was present. He claims the presence of the agent hampered the interview. Counsel also argued that the interviews should have been conducted in private and with the assistance of his own investigator. Counsel further argued that he would not be able to talk appropriately to the witness and the presence of the representative of the State was not conducive to such interviews. The trial court ruled that if a particular witness wanted a representative present, then the representative would be present.

Appellant contends this to be a violation of appellant's right to protect work product pursuant to Ind.Trial Rule 26(B).

Discovery in criminal cases is largely a matter within the discretion of the trial court. *Glover v. State* (1982), Ind., 441 N.E.2d 1360.

To support his position, he cites *Murray v. State* (1982), Ind., 442 N.E.2d 1012. In *Murray*, the State was proposing to call a witness, and both parties wished to question the witness before putting the witness on the stand. Defense counsel wished to question the witness before the prosecutor whereupon the prosecutor claimed that she had a right to question her own witness before having defense counsel question the witness. The issue was presented to the trial court which ordered the prosecutor to permit defense counsel to question the witness first. Nowhere in the *Murray* decision does it hold that a defense counsel has a right to conduct an interview with a State's witness in private. Thus the *Murray* decision is inapplicable to the instant case. Appellant cites no authority for his argument, and we fail to find his argument as being persuasive. We find no error.

■ Appellant was found guilty of murder, pursuant to Ind.Code § 35–42–1–1(1). During the sentencing hearing, the trial court stated:

"The normal sentence on a murder charge is forty years and the Court can add up to twenty years for aggravating circumstances. The Court finds aggravating circumstances in this case to be the risk that the person will commit another crime. Of course, that's trying to predict the future, but I think if you look at the defendant's past in this case with his prior criminal history, the fact that he was on probation when this crime was committed, that there would be a risk that the defendant will commit another crime. The nature and circumstances of the crime committed, the crime was a particularly distasteful crime, the killing of a thirteen year old young lady, very brutal and so I think that the nature and circumstances of the crime would be an aggravating circumstance in this case. The defendant's prior criminal record, he has prior felony convictions. He was on probation at the time of the crime that was committed in this case. His character is not exemplary and he confesses to be a substance abuser and alleges that he was in fact intoxicated at the time of this particular crime. Also the Court finds as an aggravating circumstance that the ... which I've already said, that he's recently violated conditions of his probation. He was on probation at the time this crime was committed and that the defendant is in need of correctional rehabilitative treatment that can best be provided by his commitment to a penal facility and the imposition of a reduced sentence or suspension of the sentence would depreciate the seriousness of the crime. The Court does not find any mitigating circumstances in this case."

Appellant contends the trial court refused to recognize any mitigating circumstances. To support his position, appellant cites this Court's recent decision of *Gilley v. State* (1989), Ind., 535 N.E.2d 130. In *Gilley*, the defendant argued his sentence was erroneous because the trial court failed to consider mitigating circumstances. This Court stated:

"When a trial court decreases or increases a sentence due to mitigating or

aggravating circumstances, the factors used in making that determination must be listed in the record." [Citation omitted.] *Id.* at 132–33.

In *Gilley,* we noted the trial court listed the aggravating and mitigating circumstances but found that the aggravating circumstances outweighed the mitigating factors. In so doing we found that the trial court was correct in finding that the aggravating circumstances outweighed the mitigators. This Court has on numerous instances stated that the use of mitigating circumstances in determination of the ultimate sentence is not mandatory but is within the discretion of the sentencing court. *See Hammons v. State* (1986), Ind., 493 N.E.2d 1250, *reh'g denied,* 496 N.E.2d 1284.

Appellant argues that he had been drinking before the crime and the trial court should have considered this as a mitigating factor. This Court in *Wilson v. State* (1989), Ind., 533 N.E.2d 114 stated that drinking is not to be considered a mitigating circumstance. Drinking goes only to the ability of the defendant to form intent. Counsel also argued as a mitigating circumstance that it was unlikely the crime would reoccur. However, we note the trial court found as an aggravating circumstance the likelihood that appellant would commit another crime. We fail to find appellant's argument as persuasive. Finally, appellant argues that the circumstances in which other people left the victim should be considered. Again, we find this argument to be without merit. It was appellant who was on trial and convicted, not other individuals. We cannot say from the record that the trial court erred in its decision. We find no error.

Appellant contends he was denied effective assistance of counsel. Appellant contends two alleged omissions of counsel: 1). failure to object to the testimony of a police officer who improperly contacted appellant after the appointment of counsel, and 2). failure to call the trial court's attention to the fact that the appellant claimed to have overheard jurors discussing the case among themselves before it had been submitted to them.

■ Reversal for ineffective assistance of counsel is appropriate when appellant has shown both the deficient performance by counsel and the resulting prejudice was so serious that he was deprived of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to obtain reversal because of ineffective assistance, appellant also must prove that he was prejudiced by showing that but for counsel's unprofessional errors the result of the proceeding would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228. It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable care. *Id.* Bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.*

With regard to appellant's first contention, the record reveals that during trial the State called Officer Michael Reed. During his testimony, Officer Reed testified as follows:

"In the ... in the following days, myself and Detective Brown interviewed several people that were ... that were involved in ... in a party that night at the house where this girl was murdered and also on one ... on a, uh ... I believe on the 23rd, about the 23rd of September I, uh, had took Ronnie out of the Madison County Jail and took fingerprints off of him. Basically that ... that's the extent of what I did."

■ Nowhere in the record is there testimony as to any conversation with appellant, only that fingerprints were taken. We fail to find that an objection was required nor was there any prejudice shown. As to appellant's next contention, we find nothing in the record to demonstrate that he informed his counsel this incident took place. Appellant's mere assertion at this time does not constitute a record sufficient to permit consideration of his argument. We find no basis to support an ineffectiveness of counsel claim. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

The State's witness Lauderbaugh was the boyfriend of the victim's mother. He removed his dog from the victim's room after she was killed and shortly before the victim's body was discovered there. In this situation the later statement of Lauderbaugh to his children that he would beat one of them to death because he had done it before was relevant because the victim fell within the class of persons with whom he had a father-child relationship and because his presence at the crime scene had a critical potential. It was therefore error to exclude evidence of this statement as irrelevant, as it surely was relevant; however, because of the nature of the State's case, I am willing to say that the erroneous ruling was without prejudice to Robinett's substantial rights and was therefore harmless. *Harvey v. State* (1971), 256 Ind. 473, 269 N.E.2d 759.

With respect to the sentencing process, the trial court expressly found no mitigating factors. In defending at the sentencing hearing, appellant posed evidence of drug and alcohol use and unusual conditions at the time of the crime as having mitigating value. This record does not reasonably give rise to the belief that such mitigative matter was not properly considered. *Jones v. State* (1984), Ind., 467 N.E.2d 681. Upon the foregoing analyses, I vote to affirm the conviction and sentence.