Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**P. JEFFREY SCHLESINGER**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIMMIE T. BOWEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1312-CR-631 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-1307-FC-82

**August 11, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jimmie T. Bowen ("Bowen") pleaded guilty in Lake Superior Court to Class D felony theft and was sentenced to three years imprisonment. On appeal, Bowen claims that the trial court abused its discretion when imposing his sentence.

We affirm.

**Facts and Procedural History**

On July 20, 2013, while under the influence of alcohol, marijuana, and ecstasy, Bowen approached the driver's side window of a car in the parking lot of the Horseshoe Casino in Hammond, Indiana. The car belonged to Stanton Kippers, a 76-year-old man, who was napping in his car while he waited for his wife to exit the casino. Bowen had never met Kippers before and the two did not know each other. After reaching the car, Bowen snatched Kippers's cellphone and prescription glasses through the open window and then demanded money from him. Kippers told Bowen that he did not have any money and Bowen became angry and began to yell at him. Afraid that Bowen might have a weapon, Kippers started his car and drove off. Kippers then called the police. The police located Bowen, who was still in the casino, and arrested him. Bowen had Kippers's cellphone and glasses with him and admitted to the police that he had stolen them.

On the date of the offense, Bowen was on parole for a 2009 felony conviction for armed robbery with a firearm. Bowen's criminal history also includes convictions in 2002 for felony possession of a controlled substance near a school or park, misdemeanor manufacturing or dealing in cannabis, and burglary, and a conviction in 2005 for felony possession of a controlled substance. During his sentence for the 2002 convictions, Bowen was released on parole twice and violated parole both times.

On October 17, 2013, the State charged Bowen with two counts of Class C felony robbery. Bowen agreed to plead guilty to an alternative charge of Class D felony theft, in

exchange for the State dismissing the two counts of robbery and agreeing not to file a Habitual Offender Enhancement. At a sentencing hearing held on November 21, 2013, the trial court accepted Bowen's plea and sentenced him to three years imprisonment, the maximum sentence for Class D felony theft. Bowen now appeals.

## Discussion and Decision

Bowen claims that the trial court abused its discretion by failing to identify "at least two mitigating circumstances for which the evidence was uncontradicted," namely that he was "under the influence of alcohol at the time of the offense and that his incarceration would impose a hardship on his mother and children." Appellant's Br. pp. 1-2.

A trial court's sentencing order is reviewed on appeal for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007)). An abuse of discretion occurs when a decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." Id. (quoting K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court abuses its discretion when it "omits mitigating factors that are clearly supported by the record and advanced for consideration." Id. at 491.

Although a trial court must consider the mitigating factors presented by a defendant, the trial court is not required to find that any mitigating circumstances exist. Harlan v. State, 971 N.E.2d 163, 170 (Ind. Ct. App. 2012) (quoting Cook v. State, 612 N.E.2d 1085, 1090 (Ind. Ct. App. 1993)). The trial court is also not obligated to explain why any mitigating factors do not exist. Anglemyer, 868 N.E.2d at 493. If a trial court includes a finding of mitigating circumstances when determining a sentence, however, the trial court must identify all significant mitigating circumstances involved in its determination in the sentencing statement. Id. at 492-93. A defendant who claims that the trial court failed to identify or find a mitigating factor must

establish that the mitigating evidence was both significant and clearly supported by the record. Id. at 493.

Here, the trial court could have reasonably concluded that the mitigating factors Bowen claims were overlooked were neither significant nor clearly supported by the record. First, in determining a sentence, a defendant's intoxication at the time of the offense is not a mitigating circumstance. Hornbostel v. State, 757 N.E.2d 170, 184 (Ind. Ct. App. 2001) (quoting Robinett v. State, 563 N.E.2d 97, 102 (Ind. 1990), reh'g denied). Thus, the trial court did not abuse its discretion by failing to identify Bowen's use of alcohol prior to the crime as a significant mitigating circumstance.

Second, the trial court is not required to find that the hardship on Bowen's family caused by his imprisonment is a significant mitigating circumstance. See Edmonds v. State, 840 N.E.2d 456, 461-62 (Ind. Ct. App. 2006). Indeed, a sentencing court is not required to find that a defendant's imprisonment would result in hardship on his dependents at all. Benefield v. State, 904 N.E.2d 239, 247 (Ind. Ct. App. 2009). Absent special circumstances showing that the hardship to a defendant's dependents is "undue," a trial court does not abuse its discretion by not finding this to be a mitigating factor. Id.

During the sentencing hearing, Bowen stated that his wife had recently lost her job, which left his children financially unsupported. Tr. pp. 16-17. Bowen also stated that he is a source of emotional support for his children and that his imprisonment would deprive them of that support. Tr. p. 17. In the Pre-Sentence Investigation Report ("PSI"), Bowen stated that his children live with their mother in Elgin, Illinois, but that he visits his children three weeks each month. PSI p. 8. Bowen does not pay court-ordered child support. PSI p. 8. During the sentencing hearing, Bowen stated that his mother undergoes dialysis three times a week and needs assistance. Tr. p. 17. In the PSI, Bowen stated that he currently lives with his mother in

4

Chicago and has a good relationship with her. PSI p. 8. None of this evidence presents any special circumstances establishing that the hardship on Bowen's children or mother would be undue or that the hardship was significant or clearly supported by the record. Thus, the trial court did not abuse its discretion by failing to identify the burden on Bowen's family as a significant mitigating circumstance.

Bowen does not challenge the appropriateness of his sentence under Indiana Appellate Rule 7(B), so we have only reviewed the trial court's decision for abuse of discretion. Appellant's Br. pp. 2-3. Under the facts and circumstances before us, we conclude that the trial court did not abuse its discretion when it failed to find and consider the mitigating factors asserted by Bowen. We therefore affirm Bowen's three-year sentence.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.