ALBERT BOYLE KING *v.* STATE OF INDIANA.

[No. 976S283. Filed December 8, 1977.]

*Harriette Bailey Conn*, (*Mrs.*), Public Defender of Indiana, *Stephen Brown*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Lesly A. Bowers*, Deputy Attorney General, for appellee.

HUNTER, J.—Albert King was charged with first-degree murder, convicted and sentenced to life imprisonment. An appeal was taken and the conviction was affirmed by this Court. *See, King* v. *State,* (1973) 260 Ind. 422, 296 N.E.2d 113. This appeal arises from the denial of a petition for post-conviction relief. Two issues are presented for review:

1. Whether trial counsel provided effective representation; and

2. Whether the trial court erred in finding that all other issues raised in the petition for post-conviction relief were raised and considered in the original appeal.

I.

The trial court found that the only new issue presented by the petition for post-conviction relief was the effectiveness of

trial counsel. King objects to that determination and points to the testimony of Mary Sallie McGraw. During trial Ms. McGraw testified that she saw the defendant shoot the victim. Although it is unclear exactly what happened, it appears, to both the defendant's and the state's surprise, she first testified that no other person saw the shooting and, later, that several persons witnessed the killing. At that point defense counsel sought a continuance to find these persons; the trial court denied the continuance. That point was specifically presented on appeal and considered by this Court.

In reference to her testimony, it is now contended the trial court should have struck her entire testimony from the record. As support for that position, the defendant argues that this Court should adopt a doctrine of "Falsus in uno, falsus in omnibus." Under that theory the falsehood told by Ms. McGraw would require the discarding of all her testimony regardless of the purpose of the testimony in relation to the falsehood.

In Indiana, the credibility and weight given to evidence is within the province of the trier of fact. A jury may be instructed that it may disregard the entire testimony of a witness believed to have testified falsely; but false testimony about one matter does not render all other testimony incompetent.

Although this is a separate and distinct issue, as can be seen from the above, no harm has been suffered by the defendant and the issue presents no ground for reversal.

## II.

Three instances are specifically noted by the defendant as examples of trial counsel's incompetency. First, the state, refreshed the memory of one of its witnesses with a previously given statement. It is now contended that defense counsel failed to state his grounds for his objection to the witness refreshing his memory. As a corollary, appellant also points

to counsel's failure to request a mistrial after the witness refreshed his memory and then testified. Third, it is argued that the failure to strike the testimony of Ms. McGraw and to request her disqualification as a witness also constituted ineffective assistance of counsel.

The following standard is applied upon review of claims of ineffectiveness of counsel:

"The totality of the representation must have caused a situation which can fairly be described as a 'mockery of justice' which is 'shocking to the conscience' of the reviewing court." *Bucci* v. *State,* (1975) 263 Ind. 376, 332 N.E.2d 94.

It cannot be said the three instances pointed to by appellant constitute a mockery of justice which shocks the conscience of this Court. In fact, it is unclear that the actions taken by trial counsel were incorrect at all.

For all of the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice, and Pivarnik, JJ., concur.

NOTE.—Reported at 369 N.E.2d 1076.