Isadore SERRANO, Appellant,

v.

STATE of Indiana, Appellee.

No. 1285S526.

Supreme Court of Indiana.

Dec. 8, 1987.

Rehearing Denied Feb. 8, 1988.

Susan K. Carpenter, Public Defender, William L. Touchette, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition. Appellant's original appeal was decided by this Court in *Serrano v. State* (1977), 266 Ind. 126, 360 N.E.2d 1257. Appellant received a life sentence on a conviction of Murder in the Perpetration of or Attempt to Perpetrate a Rape. Appellant claims his conviction should be vacated because the prosecuting attorney withheld exculpatory evidence material to the question of his guilt.

Appellant claims State's witness Norma Hernandez lied on the witness stand when she stated that she was testifying against appellant because she had been threatened by the police officers with prosecution for burglary. Appellant points out that the police officers testified that this was not true. There was no charge of burglary filed against her although she had been arrested, because the owner of the burglarized premises did not choose to prosecute. We fail to see how such a conclusion on Hernandez's part could be deemed to be perjury, but if we assume for the sake of argument that it was perjury, we fail to see how it prejudices appellant.

Whether Hernandez had been threatened or not, the fact remains that her testimony was that appellant confessed to her that he had killed the victim. When she testified at trial, she reiterated her statement regarding the confession. She attempted to moderate the effect of her testimony by stating that she did not believe appellant when he made the confession. As was pointed out in the original opinion in this case, this matter was submitted to the jury for their consideration. This Court will not invade the province of the jury. *King v. State* (1977), 267 Ind. 306, 369 N.E.2d 1076.

Appellant claims newly-discovered evidence regarding Norma Hernandez's credibility entitles him to a new trial. Appellant contends he now has information that Hernandez had sniffed glue from the time she was a teenager, and that subsequent to the trial her mental health deteriorated to the point that she is no longer competent. The question of Hernandez's competency is as of the date of trial. There is ample evidence in this record that at the time of trial Hernandez was well-groomed, alert and was able to answer extensive questioning both by the State and by appellant. There is nothing in this record to indicate incompetency at the time of the trial. What has occurred since the trial concerning Hernandez's health is entirely irrelevant.

The trial court did not err in refusing to grant a new trial on this basis.

Appellant claims he received ineffective assistance of counsel because trial counsel failed to use appellant's history of mental illness to show his propensity to make rash statements. At the post-conviction relief hearing, appellant's trial counsel testified that he believed the State had a weak case and that in view of appellant's insistence on his innocence it would be a mistake to plead insanity, thus, in effect, admitting that appellant had committed a homicide, but was unable to form the *mens rea* by reason of insanity. This was purely a matter of trial tactic which will not be second-guessed by this Court on appeal. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court did not err in refusing to grant the post-conviction relief petition.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.