Vernon D. MILLER a/k/a Vernon D. Thomas, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–8808–CR–724.

Supreme Court of Indiana.

July 17, 1989.

R.W. Chamblee, Jr., South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Burglary, a Class A felony, for which he received a sentence of thirty-five (35) years.

The facts are: On the evening of November 14, 1987, Elaine Bailey received a telephone call from appellant at her home in South Bend. Bailey and appellant had lived together for several years, but Bailey had broken off the relationship and appellant had moved out. Appellant asked Bailey whether she was sleeping with someone. She said no and hung up. Bailey then fell asleep on the couch.

While Bailey was on the couch, she heard the sound of glass breaking from the kitchen. She heard appellant call her name then he jumped on her and began beating her. He had a knife and was alternately beating and slashing her face and body. Bailey's six children began screaming and crying, and appellant stopped attacking her. He then washed the blood from his hands in the kitchen. As he exited, he told Bailey to call an ambulance.

While in the emergency room at the hospital, a nurse told Bailey that her brother was there to see her. Then appellant entered and Bailey jumped off the bed and screamed, "That's not my brother there, that's the man that cut me up." The nurse and a doctor asked appellant to leave, but he refused and struck the nurse and doc-

tor. A hospital security guard was called and, together with the emergency personnel, wrestled appellant in an attempt to subdue him. A knife fell from his pocket and Bailey told them that it was the knife he used while attacking her. As the security guard handcuffed appellant he discovered a flail (described in the evidence as nun-chuks) under his jacket. He also confiscated appellant's knife which was on the floor.

Appellant argues the trial court erroneously admitted into evidence the flail which was taken from him in the hospital. He contends the exhibit was irrelevant to the charges because there was no evidence that he used it in attacking Bailey.

Evidence is relevant and admissible if it tends to prove or disprove a material fact or sheds any light on the guilt or innocence of the accused. *Brown v. State* (1985), Ind., 480 N.E.2d 938.

None of the eyewitnesses to the attack testified that appellant used or possessed the flail while attacking Bailey. However, considering the amount of other evidence supporting appellant's conviction, we find no reversible error occurred in its admission. *Owensby v. State* (1984), Ind., 467 N.E.2d 702.

Appellant argues the testimony of Judith Sulok was irrelevant and erroneously admitted. Sulock testified that on the evening of November 14, 1987 she was a nurse working in the emergency room in which Bailey had been admitted. She stated that she heard Bailey screaming "that's the man that did it," and she called security, then appellant began kicking and swinging his arms and she got punched. She further testified that during the struggle a knife fell from appellant's pocket. Appellant contends that because he was not charged for any activity which occurred at the hospital, Sulock's testimony was irrelevant and prejudicial.

Sulock's testimony was relevant in that it helped identify appellant as Bailey's attacker and the weapon used in the attack.

Appellant contends the admission of photographs taken of Bailey was improper.

They depicted her soon after the attack in a dishevelled state, her wounds visible and bloody. Appellant argues the photographs were gruesome and merely cumulative of testimony of several witnesses concerning her wounds.

The admission of photographs is within the discretion of the trial court, and its determination will not be reversed absent an abuse of discretion. Photographs which are demonstrative of testimony given by a witness are generally admissible. On appeal, we consider whether the probative value of the photographs outweighed their prejudicial effect. *Fozzard v. State* (1988), Ind., 518 N.E.2d 789; *Whitehead v. State* (1987), Ind., 511 N.E.2d 284.

■ The photographs of Bailey were demonstrative of witnesses' testimony concerning the nature of her wounds. Their probative value outweighed their prejudicial effect. The admission of cumulative evidence alone is not grounds for reversal. *Watkins v. State* (1984), Ind., 460 N.E.2d 514. No error was committed in the admission of the photographs.

■ Appellant also argues the trial court erred in admitting photographs of himself. The photographs showed him standing beside a police car in the hospital parking lot, with his shirt tail untucked and his hands behind his back. He claims that the photographs were prejudicial because they showed him in police custody in a state of disarray, and because there was no issue as to his identity.

The photographs about which appellant complains were not relevant to the issues before the court and should not have been admitted. However, we fail to see how the admission of the photographs could be reversible error. They merely depicted a fact which was apparent and uncontested in the evidence.

■ Appellant finds error in several instructions given to the jury. He argues that the instructions were confusing and amounted to an invasion of the province of the jury. Instruction No. 5 stated that knowledge or intent may be inferred from the facts and circumstances presented in each case. Instruction No. 6 stated that an inference is a deduction of fact which may logically and reasonably be drawn from another fact or group of facts. Instruction No. 8 was a near-verbatim copy of Instruction No. 9 in *Van Orden v. State* (1984), Ind., 469 N.E.2d 1153, 1160 concerning the fact that the jury may consider circumstantial evidence in determining whether the defendant had the specific intent to commit the offense.

The content of Instruction No. 8 was approved by this Court in *Van Orden,* and the content of Instruction No. 5 was included in Instruction No. 8. Instruction No. 6 was simply a correct definition of an inference and is not mandatory or directive. Taken as a whole, we find the instructions were not confusing and were properly given.

Appellant contends he was denied effective assistance of counsel. He gives several reasons supporting his allegation. He first argues his counsel failed to pursue an intoxication defense in his behalf.

■ Reversal for ineffective assistance of counsel is appropriate when appellant has shown both the deficient performance by counsel and the resulting prejudice was so serious that he was deprived of a trial the result of which is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Van Evey v. State* (1986), Ind., 499 N.E.2d 245. Appellant also must prove that he was prejudiced by showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Geary v. State* (1986), Ind., 497 N.E.2d 228. It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable care. Bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.; Van Evey, supra.*

■ Appellant cites to a letter in the record which he wrote to Judge Brook explaining that he was under the influence of alcohol and cocaine when he attacked Bailey. He states in his brief that a witness by the name of Fredericks could have

supplied testimony that while Bailey was at the hospital, appellant was at the Hope Rescue Mission drinking heavily, and Fredericks believed appellant was incapable of going anywhere due to his intoxication.

We stated in *Terry v. State* (1984), Ind., 465 N.E.2d 1085 that a defendant should not be relieved of responsibility when he was able to devise a plan, operate equipment, instruct the behavior of others or carry out acts requiring physical skill. The record shows that during the attack appellant broke the window in the back door, unlocked the door, asked where Bailey was, jumped on her, beat and cut her, washed the blood from his hands, and told Bailey to call an ambulance as he left. Officer Hostetler testified that when he was wrestling appellant in the hospital in an attempt to subdue him, he was approximately twelve to eighteen inches from his face and he did not smell any intoxicants on him. The evidence shows that appellant was not so intoxicated that he was incapable of forming the *mens rea* to commit the attack. Because he has failed to show that but for his counsel's failure to pursue the intoxication defense the result of his case would have been different, we do not find his counsel to be ineffective. *Geary, supra.*

Appellant also argues his counsel was ineffective because he failed to take action to prevent the admission of evidence concerning his emotional outrage and struggle in the hospital. He asserts that his counsel's failure to file a motion in limine and object more promptly to testimony surrounding the hospital scene was prejudicial to his case.

We stated above that no reversible error occurred in the admission of the testimony concerning the fight in the hospital or the weapons found on appellant when he was taken into custody. Therefore, we will not find his counsel to be ineffective on the basis of his failure to prevent the admission of this evidence. *Id.*

Appellant contends his counsel was ineffective because he failed to argue the defense of insanity. He points out that he has a history of mental instability, he has been institutionalized for his violent behavior in the past, and during his trial, he attacked the prosecutor and had to be restrained. He asserts that these facts and the evidence brought forth at trial establishing his violent behavior indicated a viable insanity defense which his counsel erroneously neglected.

Appellant's presentence investigation report indicates that he was institutionalized as a teenager and underwent extensive analysis and treatment for his behavioral problems. The diagnoses of various analysts and doctors repeated that appellant's main problem, due to his poor self-image, was his inability to control his temper when he became frustrated. He demonstrated fits of rage during the incidents when he lost his temper but was otherwise a likeable person who was eager to learn and cooperate. The reports showed that in a structured environment he was able to control and minimize his temper outbursts.

From the presentence investigation report, appellant's trial counsel may have reasonably concluded that appellant had emotional problems, but that they do not rise to the level of a mental disease or defect which rendered him unable to appreciate the wrongfulness of his conduct under Ind.Code § 35–41–3–6, which outlines the insanity defense. This Court will not second-guess the propriety of trial counsel's tactics. *Serrano v. State* (1987), Ind., 515 N.E.2d 1111.

Appellant also complains of his counsel's ineffectiveness due to his election to forego making an opening statement. Such a judgment is a matter of trial strategy and is not a basis for a finding of inadequate counsel. *Geary, supra.* The record shows that appellant's counsel made numerous appropriate objections and cross-examined witnesses effectively considering the strength of the State's case. We find appellant has not shown that he was denied effective counsel.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.