**Leon E. BIRCH, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 02A03-9007-CR-295.

Court of Appeals of Indiana, Third District.

April 15, 1991.

Gregory L. Fumarolo, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant Leon E. Birch appeals his convictions for robbery, a Class A felony; attempted rape, a Class A felony; and battery, a Class C felony.

The facts relevant to this appeal disclose that on June 29, 1989, at approximately 7:10 P.M., the victim left the YMCA in downtown Fort Wayne and proceeded to walk home. As she was walking, she was approached by the defendant who asked her "Do you get high?" The victim replied that she did not and asked the defendant if he knew Jesus Christ. She began witnessing to him about her faith and the two continued walking together. Even after the victim turned a corner onto another street, the defendant continued to walk with her, having previously indicated a desire to go to the rescue mission along the way. As they walked, the victim was on the side towards the buildings and the defendant was on the street side.

When they approached the entrance to a dead-end alley, the defendant grabbed the victim and threw her into the alley. The victim fell but quickly jumped back to her feet. The defendant pulled out a knife and put it to her throat. The victim grabbed the knife away from the defendant, but the defendant pushed her farther into the corner of the alley. The defendant regained control of the knife and placed it in his pocket. He then asked her if she had any money. The victim asked him how much he needed and he demanded all of it. She gave him the $45.00 in her wallet.

As the defendant had her pinned in the corner, he slapped her in the back of the head and said "Give me some pussy." She refused and he made the same demand once more. The defendant proceeded to attack her and she began fighting him. The defendant had the knife in his hand and she tried to grab it. During this struggle her hands and throat were cut. The defendant threw her against the wall and hit and kicked her multiple times. Finally, he threw her on the ground and told her to stay there. He then ran away.

The victim ran across the street to a bank where the police and medics were summoned. She gave an account to the police as to what happened and was then taken to the hospital. Later, in the hospital, she gave another description of the defendant to police.

The next day, the victim met with another police officer and gave another description of the defendant. She was then shown photographs of potential suspects and selected the photograph of the defendant.

Three issues are raised for review:

(1) whether the trial court erred in refusing defendant's motion for a mistrial;

(2) whether the trial court erred by admitting State's Exhibits 1, 2, 4, and 5; and

(3) whether there was sufficient evidence to sustain the defendant's convictions.

Defendant claims the trial court erred in denying his motion for mistrial based on testimony elicited by the State from witness Willie Harris. Harris testified that he believed the defendant carried "something like a knife" and "something in a red sock" with him everyday. The witness further testified that defendant had been arrested while working for him but could not establish a time frame. Defendant's objections to the statements were sustained and the jury was admonished to disregard the statements. The defendant moved for a mistrial which was denied.

The defendant argues that the witness' statements regarding the prior arrest indicated to the jury that he had prior conflicts with the law and prior convictions. The testimony as to a knife, defendant contends, corroborates the victim's testimony that the defendant had a knife, although one was never found.

█ A mistrial is necessary if the defendant was placed in a position of grave peril to which he would not otherwise have been subjected. *Jackson v. State* (1988), Ind., 518 N.E.2d 787, 789. A mistrial is an extreme remedy which should be granted only when nothing else can rectify the situation. *Lee v. State* (1988), Ind., 531 N.E.2d 1165, 1167. An admonishment to the jury usually will suffice to cure the harm. *Id.*

█ A review of the record indicates that the trial court was justified in denying the defendant's motion for mistrial. The unequivocal testimony of the victim identifying the defendant as her assailant makes it unrealistic to believe that Harris' improper statements placed the defendant in grave peril. The trial court's admonishment to the jury was sufficient.

Secondly, defendant complains that State's Exhibits 1, 2, 4, and 5, photographs of the victim's wounds, should not have been admitted. Defendant argues that State's Exhibits 3 and 6 were sufficient to show the wounds and thus, the sole purpose of photographs 1, 2, 4, and 5 was to inflame the jury's emotions.

█ It is within the trial court's discretion to admit photographs which depict a victim's wounds and injuries. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, 295. The trial court will not be reversed absent a showing of abuse of discretion. *Miller v. State* (1989), Ind., 541 N.E.2d 260, 262. Photographs are generally admissible when they are demonstrative of the testimony given by the victim. *Id.* This Court will consider whether the probative value of the photographs outweighed their prejudicial effect. *Id.*

█ To begin with, only photographs 2 and 4 are even arguably redundant. Photograph 1 shows the injuries to the side and top of the victim's left hand while photograph 6 shows the injuries to the palm of the left hand. Photograph 3 depicts injuries to the victim's right hand while photograph 5 is a picture of her facial injuries. As for photographs 2 and 4, photograph 2 is a close-up shot of the injuries to the victim's throat while photograph 4 was taken at a farther distance to give a full view of the throat injuries.

These photographs were demonstrative of the victim's testimony concerning the nature of her wounds. Their probative value outweighed any prejudicial effect. Defendant has shown no evidence of a scheme on the part of the State to arouse or inflame the jury beyond the value of what the photographs actually depicted. No error was committed in the admission of the photographs.

█ Defendant's final argument is essentially a two-part argument. First, the defendant contends that the evidence was insufficient to identify him as the assailant because of the alleged inconsistencies in the victim's descriptions of him and the alleged inconsistencies of the sequence of

events as told by her. There were some discrepancies between the descriptions of the defendant given to police by the victim. However, the victim, without hesitation, made a positive identification of the defendant, not only in a photographic display, but also at trial. The victim's version of the sequence of the events varied only slightly. Immediately after the attack, she told the police that the attacker had pulled a knife when she refused to give him sex. At trial, she testified that the attacker had pulled a knife on her when pushing her into the alley, then placed it back in his pocket, only to draw it out later.

First, it is important to note that the victim had just been through a very traumatic event when attempting to relate the events to the police. Secondly, the jury heard the testimony regarding the discrepancies in the victim's descriptions of the defendant and the sequence of events. Thus, it became a matter of the victim's credibility and the jury was in the best position to judge her credibility. *Parsley v. State* (1990), Ind., 557 N.E.2d 1331. The evidence was sufficient to convict the defendant.

■ Defendant argues in the second part of this issue that he could not have been convicted of robbery as a Class A felony. For robbery to constitute a Class A felony, serious bodily injury must result from the robbery. Defendant alleges that the victim did not sustain serious bodily injury as a result of the robbery, but as a result of the attempted rape.

For support defendant cites the case of *Minniefield v. State* (1989), Ind., 539 N.E.2d 464. In *Minniefield*, the victim escaped after being robbed at gunpoint by jumping from a moving car. The victim sustained serious bodily injury as a result of the escape. The defendant was convict-

ed of robbery, a Class A felony, because the victim had sustained serious bodily injury. The defendant attempted to argue that he could not be convicted of robbery as a Class A felony since the robbery had already ended when the victim jumped from the car. The Court affirmed defendant's conviction stating:

"Aggravation by reason of resulting injury does not depend upon when a crime begins or ends, but rather depends upon the causation of the injury. Indiana Code § 35–42–5–1 states that robbery is 'a Class A felony if it results in serious bodily injury to any person other than a defendant.' Regardless of the intent of the perpetrator, if the injury occurs as a consequence of the conduct of the accused, the offense is regarded as a Class A felony. *Stark v. State* (1986), Ind., 489 N.E.2d 43.

The injuries here resulted from the victim's escape from the robbers; but for the robbery, there clearly would have been no injury."

*Id.* at 467.

The defendant argues that it cannot be said that but for the robbery the victim sustained serious bodily injury. He argues that it was but for the attempted rape that the victim sustained the serious bodily injury.[1] Therefore, he avers he could not be convicted of the elevated Class A robbery charge.

Since the victim's serious bodily injury was the result of the attempted rape and not the robbery, defendant could not be convicted of robbery as a Class A felony. Defendant's conviction for robbery as a Class A felony must be reversed.

The attempted rape conviction is affirmed. The robbery conviction is vacated with instructions to sentence defendant on the battery conviction.[2]

---

1. Although the dissent alleges that the victim was cut with the knife during the robbery, there is absolutely no evidence in the record to support this allegation. The victim was not cut until the defendant attempted to rape her. In fact, the victim specifically testified that the defendant was not violent towards her when he asked her for her money, but then became violent and cut her with his knife when she fought off his sexual attack.

2. In addition to defendant being convicted of robbery, a Class A felony, and attempted rape, a Class A felony, he was also convicted of battery, a Class C felony. However, this latter conviction was merged with the robbery conviction for sentencing purposes and defendant was sen-

MILLER, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion for the reason that it has misinterpreted the holding in *Minniefield v. State*, (1989) Ind., 539 N.E.2d 464. Additionally, I dissent for these reasons:

1. Criminal conduct can not be compartmentalized because there is a shift in the intent of the perpetrator to commit a different crime.

2. Criminal conduct transcends criminal intent when crimes flow continuously one into the other.

3. Causation of the injury is the key—but for the commencement of the criminal conduct the injury to the victim would not have occurred.

4. Even if the Majority's interpretation of *Minniefield* were correct, its conclusion is incorrect. The evidence supports at the very least a conviction for robbery, a Class B felony—not a simple battery as the Majority concludes. Before taking her forty-five dollars and prior to the attempted rape, she was dragged down an alley and thrown down. A sharp knife was placed at her throat and she was cut while trying to escape from Birch's grasp.

If *Minniefield* stands for any proposition of law, it stands for the proposition that the consequences of criminal conduct reflect upon the seriousness of the crime. In *Minniefield* the robbery had been completed when Guiden, the victim, jumped out of the car and received his injuries. Justice Givan, writing for the Indiana Supreme Court, emphasized that: "Aggravation by reason of resulting injury does not depend upon when a crime begins or ends, but rather depends upon the causation of the

injury." *Id.* at 467. The Court's rationale is clear:

"The injuries here resulted from the victim's escape from the robbers; but for the robbery, there clearly would have been no injury." *Id.*

If it had not been for the Defendant, Birch, grabbing the victim and dragging her into the dead-end alley; putting a knife to her throat; cutting her with the knife; taking forty-five dollars from her person; slapping her head; kicking her; pushing her to the ground; and seriously cutting her with a knife while attempting to rape her—none of the injuries would have resulted.

The Majority ignores that but for the robbery the injuries during the attempted rape would never have occurred. Clearly, the Majority cannot base its reasoning on the intent of Birch to stop robbing the victim and then shift his intent to a second crime of rape. *Minniefield* dispels any reliance on this kind of fine tuning of intent rationale indulged in by the Majority. To dispel any reliance on the perpetrator's intent, Justice Givan wrote: "Regardless of the intent of the perpetrator, if the injury occurs as a consequence of the conduct of the accused, the offense is regarded as a Class A felony." *Id.*

*Minniefield* does not stand for segregating or partitioning criminal conduct to conveniently fit a series of criminal acts. Where more than one criminal act accompanies an uninterrupted flow of criminal conduct, the seriousness of the injuries suffered by the victim are a part of the several criminal acts.

I would affirm the conviction for robbery as a Class A felony.

tenced to thirty years on the robbery conviction. Since the robbery conviction is reversed, defendant should now be sentenced on the battery conviction.
Although the dissent believes the defendant should be given a robbery conviction as a Class B felony, the fact of the matter is defendant was only charged with robbery as a Class A felony,

the jury was only instructed as to the elements of robbery as a Class A felony, and the jury returned a verdict convicting defendant of robbery, a Class A felony. However, the defendant was convicted by the jury of battery, a Class C felony, which is not a 'simple battery' as the dissent so states. Defendant will now be sentenced on this conviction.