**Don Eric WISE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9307–CR–245.

Court of Appeals of Indiana, Fifth District.

June 15, 1994.

Transfer Denied Aug. 18, 1994.

**222**

Kay A. Beehler, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Joseph F. Pieters, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHARPNACK, Chief Judge.

A jury found Don Eric Wise guilty of attempted rape, a class B felony, and criminal confinement, a class D felony. Wise raises two issues on appeal, which we restate as: (1) whether the evidence is sufficient to support his conviction of criminal confinement; and (2) whether he was denied effective assistance of trial counsel. We affirm.

The facts most favorable to the judgment show that on December 12, 1991, Wise and his nine-year-old step-daughter, A.A., went Christmas shopping for A.A.'s mother's gifts. After purchasing two gifts, A.A. told Wise that she wanted to go home, but Wise told her, "first we got to do something." Record, p. 152. A.A. did not know where they were going. When Wise drove into the parking lot of Motor 8 Inn in Indianapolis, he ordered A.A. to "get on the floorboard" of Wise's truck. Record, p. 153. Wise then checked into room 202 of the motel. Wise drove around to the back of the motel and told A.A. "come on," to which A.A. responded, "where are we going?" Wise responded to her question by demanding, "just come on." Record, p. 155. A.A. picked up the gifts for her mother and followed Wise up to room 202.

Upon entering the room, A.A. took the presents out of the shopping bags in order to wrap them. Wise told A.A. to wait, "we got to do something first." Record, p. 155. As he said this he began to undress. Wise told A.A. to take off her clothes, but she refused. Wise then came around the bed to where A.A. was seated on the bed and tried to undress A.A. A.A. began kicking Wise, but Wise was able to get A.A.'s clothes off.

Wise, who was by this time naked, told A.A. to "relax and lay still and it won't hurt." Record, p. 158. Wise then attempted to place his penis in A.A.'s vagina, but A.A. began kicking him again. Wise touched her vagina with his penis, but was unable to penetrate. Wise then proceeded to wave his penis in A.A.'s face. A.A. continued to kick at Wise and asked him to stop.

Wise eventually went into the bathroom. While he was in there, A.A. rushed to put her clothes on and attempted to leave the motel room, but could not get the door unlocked.

Before she could get the door unlocked, Wise emerged from the bathroom and asked A.A. "hey, what are you doing," to which A.A. responded, "I'm going home." Record, p. 162. Wise then put on his clothes and they wrapped the presents. Before leaving the room, Wise told A.A. that if she told anyone what had happened, he would kill her entire family.

On February 20, 1992, in a statement to the police, Wise admitted that at one point while he and A.A. were in the motel room, he had his pants down and had acted as if he were going to penetrate A.A. with his penis.

On February 21, 1992, Wise was charged with one count of attempted rape and one count of criminal confinement. Wise filed a notice of an alibi defense on April 1, 1992. After a trial on February 22–24, 1993, Wise was found guilty on both counts. On March 24, 1993, Wise was sentenced to serve twenty years in prison on the attempted rape conviction and one and one-half years in prison on the criminal confinement conviction, the sentences to be served concurrently.

## I.

■ Wise argues that the evidence was insufficient to prove the elements of criminal confinement beyond a reasonable doubt. When we review the evidence supporting a conviction, we may not reweigh the evidence or rejudge the credibility of the witnesses. *Washington v. State* (1982), Ind., 441 N.E.2d 1355, 1358. Where the evidence is in conflict, we are bound to view only that evidence which is most favorable to the verdict and judgment of the trial court. *Id.* If there is substantial evidence supporting the judgment, we must affirm. *Hutchinson v. State* (1985), Ind., 477 N.E.2d 850, 855.

Criminal confinement is prohibited by Ind. Code § 35–42–3–3, which provides in pertinent part:

"A person who knowingly or intentionally . . .

  (2) Removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony. . . ."

I.C. § 35–42–3–3. Wise was charged with removing A.A. from a vehicle to room 202 of the Motor 8 Inn by force, fraud, enticement, or threat of force. Wise contends that there was "no testimony either directly, or from which the trier of fact could infer, that [Wise] coerced, enticed, defrauded, forced or threatened [A.A.] to get her into the motel room." Appellant's brief, p. 7. We disagree.

The record reveals that there was sufficient evidence of enticement to sustain Wise's conviction. "Enticement" includes "inviting, persuading or attempting to persuade a child to enter any vehicle, building, room or secluded place with intent to commit an unlawful sexual act upon or with the person of said child." *Black's Law Dictionary* 531 (6th Ed.1990); *see Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691 (evidence sufficient to sustain defendant's kidnapping conviction where defendant lured victims into his vehicle under pretext of a business opportunity, removed victims some distance, and forced them to perform fellatio upon him).

The record shows that after buying her mother's gift, A.A. was ready to go home. However, Wise told her that there was something that they had to do first. Wise then took A.A. to the Motor 8 Inn and checked into room 202. Wise testified that in October, 1987, he had taken his son and A.A. to a motel room to wrap A.A.'s mother's Christmas gift. Here, although A.A. questioned Wise as to why he wanted her to go to the room with him, A.A. carried the gifts up to the motel room. Once inside, she removed the presents from the shopping bags and prepared to wrap them when Wise attempted to rape her.

Thus, the jury could have inferred from this evidence that Wise persuaded A.A. to leave the truck and enter the motel room by relying upon her past experience. We therefore find this evidence of enticement sufficient to sustain Wise's criminal confinement conviction.

## II.

■ Wise argues next that he was denied effective assistance of trial counsel. Specifi-

cally, he contends that trial counsel's performance was so deficient that he was denied a fair trial when trial counsel opened the door to otherwise inadmissible evidence of Wise's prior misconduct.

■ Reversal for ineffective assistance of counsel is appropriate when the defendant has shown that the deficient performance by counsel and the resulting prejudice was so serious that he was deprived of a trial the result of which is reliable. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Miller v. State* (1989), Ind., 541 N.E.2d 260, 262. The defendant must prove also that he was prejudiced by showing that the result of the proceeding would have been different but for counsel's unprofessional errors. *Id.* It is strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable care. *Id.* Bad tactics do not necessarily amount to ineffective assistance of counsel. *Id.*

Near the conclusion of trial counsel's direct-examination of Wise, the following colloquy occurred:

"Q. And you were upset?

A. And I was upset. Very upset.

Q. Were you hurt?

A. Very hurt. I.

Q. Why?

A. Huh?

Q. Why?

A. Because I just got throwed [sic] out of my home two weeks before I went up there and then all of a sudden I hear these allegations about rape, incest, and all this and I couldn't believe it. I couldn't believe none of it. It is just like a nightmare.

Q. No one ever accused you of anything like that in your life[,] have they?

A. No.

Q. And that never happened?

A. No."

Record, pp. 610–11. The State then argued to the trial court that defense counsel had opened the door to evidence previously ex-cluded by Wise's motion in limine regarding accusations of past sexual misconduct. I.e., that Wise had touched A.A. and four other girls in a sexual manner. *See* Federal Rules of Evidence, Rule 404(b) [1]; *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. Trial counsel argued that he had been referring to the attempted rape and criminal confinement charges when he asked Wise whether anyone had ever accused him of such conduct. The trial court allowed the State to cross-examine Wise about the accusations of sexual misconduct.

■ We agree with Wise that his trial counsel's representation fell below an objective standard of reasonableness under the prevailing professional norms. *See Hunter v. State* (1993), Ind., 578 N.E.2d 353, 355, *reh'g denied.* The motion in limine shows both that counsel was aware of the other accusations and that it was counsel's strategy to exclude any reference to them. Counsel's tactic of asking those final questions on direct can only be seen as a blunder. Counsel should have recognized that affirmative answers would be harmful and that negative answers would be false. False answers would permit cross-examination as to the other accusations on the issue of Wise's credibility. The blunder made admissible that which otherwise would not have been. However, Wise has failed to convince us that trial counsel's substandard representation was so prejudicial as to deprive him of a fair trial, considering the evidence presented by the State. *See id.* A.A. presented clear and unequivocal testimony that Wise had attempted to rape her in the motel room. The uncorroborated testimony of a rape victim is sufficient to support a conviction and this may hold true in the face of alibi testimony. *McCawley v. State* (1980), 274 Ind. 137, 409 N.E.2d 594, 596. Her testimony was bolstered by evidence showing that Wise had checked into the motel room. In opposition to A.A.'s testimony were the conflicting statements of Wise. In fact, Wise's statement to the police corroborated a portion of A.A.'s story by admitting that he was with her at the motel, had his pants down, and that he had acted as if he were going to

**1.** Indiana Rules of Evidence were not in effect at     the time of the trial.

penetrate A.A. with his penis. Wise has therefore failed to sustain his claim of ineffective assistance of counsel.

For the reasons stated above, we affirm the judgment of the trial court.

AFFIRMED.

RUCKER and ROBERTSON, JJ., concur.