**Ray WARREN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 53A01–9704–CR–130.**

Court of Appeals of Indiana.

Nov. 17, 1998.

---

Frederick A. Turner, Bloomington, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Stephen K. Tesmer, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Ray E. Warren (Warren) appeals his conviction of sexual misconduct with a minor, a Class C felony. Ind.Code § 35–42–4–9.

We affirm.

### ISSUES

Warren raises three issues for our review which we restate as:

1. Whether the trial court improperly instructed the jury by failing to include an intent element for sexual misconduct with a minor.

2. Whether the State presented sufficient evidence to convict Warren of sexual misconduct with a minor.

3. Whether Warren's trial counsel was constitutionally ineffective.

### FACTS AND PROCEDURAL HISTORY

The facts most favorable to the verdict are that during April and May of 1995, Warren lived with his sister, Debbie Cox (Cox), and her daughter, R.N., the victim. One night during this time period, R.N. and Warren were up late watching television in the family room when R.N. decided to go to bed. Shortly thereafter, Warren entered R.N.'s bedroom and asked R.N. to continue watching television with him. R.N. declined and Warren left. R.N. recognized Warren by his voice as well as the odor of alcohol on his breath. Warren returned two or three times, asking R.N. to watch television with him. R.N. declined and thought Warren had left her room because she heard the door close. However, Warren had walked to the door, opened it and then closed it without leaving the room. Next, Warren took off his jeans and underwear and climbed into bed with R.N.. Warren pulled R.N.'s pajama pants and underwear down around her ankles, holding them there with his foot. Warren then inserted his penis into R.N.'s vagina from behind her. After hearing a noise in the home, Warren quickly got up, put his jeans on and left R.N.'s room.

On March 15, 1996, Warren was charged in the Monroe Circuit Court with sexual misconduct with a minor, a Class C felony. On November 20, 1996, the jury returned a guilty verdict on the charge of sexual misconduct with a minor. On December 20, 1996, the court sentenced Warren to be imprisoned for eight years, four years suspended, with credit for sixty-eight days already served. Warren brings this timely appeal.

### DISCUSSION AND DECISION

#### I. Failure to Instruct on Criminal Intent

In its final instructions to the jury, the trial court read the applicable portion of the sexual misconduct with a minor statute and the elements the State had to prove, as follows:

At all times pertinent to this case, the law of the State of Indiana defined the offense of sexual misconduct, a Class C felony, as follows:

'A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse ... commits sexual

misconduct with a minor, a Class C felony....'

Before you may return a verdict of guilty on the offense of sexual misconduct with a minor, a Class C felony, as charged in the information, you must be convinced beyond a reasonable doubt that the Defendant, Ray E. Warren, did, in Monroe County, Indiana, in about April or May of 1995:

1. Perform sexual intercourse;
2. With R.N.;
3. When Ray E. Warren was at least eighteen (18) years of age; and
4. When R.N. was at least fourteen (14) years of age, but less than sixteen (16) years of age.

If you find from the evidence in the case that the State has failed to prove any one or more of these elements beyond a reasonable doubt, you must find the Defendant not guilty of the offense charged. On the other hand, if you find from the evidence in the case that the State did prove each of these elements beyond a reasonable doubt, then you should find the Defendant guilty of the offense charged.

(R. 26–27).

■ Neither Warren nor the State objected to these instructions or tendered an instruction of their own regarding the elements of sexual misconduct with a minor. Therefore, Warren waived review of this issue. No error with regard to the giving of an instruction shall be available on appeal except where there is a specific objection thereto before the jury retires for deliberations. Ind.Crim. Rule 8(B); Ind.Trial Rule 51(C). However, in order to preserve the issue of improper instruction, Warren contends that the trial court committed fundamental error by failing to include a mens rea element in these final instructions. Specifically, Warren argues that although Ind.Code § 35–42–4–9(a) contains no mens rea requirement, it was fundamental error for the trial court to not include criminal intent as an element of sexual misconduct with a minor to be proven by the State. We disagree.

■ Fundamental error is an error so blatant as to render the trial unfair to the defendant and, thereby, depriving the defendant of fundamental due process. *Townsend v. State,* 632 N.E.2d 727, 730 (Ind.1994). To justify reversal in a case where an erroneous jury instruction was given, the error must be of such a nature that the whole charge of which it forms a part misleads the jury as to the law of the case. *Hill v. State,* 615 N.E.2d 97, 99 (Ind.1993).

■ Passed in 1996, sexual misconduct with a minor is a relatively new statute and our research failed to discover any Indiana case law clarifying the intent element of the crime. However, the language of sexual misconduct with a minor closely parallels that of child molesting, which reads:

A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony.

Ind.Code § 35–42–4–3(a). The only element distinguishing sexual misconduct with a minor from child molesting is the age of the victim. Regardless of the fact that there is no mention of any criminal intent in the relevant portion of the child molesting statute, mens rea is an element of the crime of child molesting. *Cardwell v. State,* 516 N.E.2d 1083, 1086 (Ind.Ct.App.1987). In that case, Cardwell argued that although the trial court's instruction purported to set forth all the essential elements of child molesting, it failed to include the essential element of intent, thereby rendering the instruction fatally defective. *Id.* We found no reversible error, noting that the instructions, when considered together as a whole, adequately informed the jury that Cardwell acted with intent. *Id.* at 1087. There is no fundamental error where a court's instructions on child molestation fail to sort out and separately refer to the criminal intent element so long as that element is not eliminated or consideration of it prohibited by the tendered instructions. *Mullins v. State,* 486 N.E.2d 623, 626 (Ind.Ct.App.1985). Thus, because sexual misconduct with a minor contains the same intent element as child molesting, we find that criminal intent is contained in the crime of sexual misconduct with a minor.

As in the present case, the trial court in *Mullins* had instructed the jury on the elements of child molesting by tracking the child molestation statute. We found in *Mullins* that the instructions did not preclude the defense from proving that any touching was innocent and it utilized "words which refer to deliberate injurious conduct, words which in their plain meaning would be understood by the jury as including criminal intent." *Id.* at 625. Similarly, in our case, the instructions on sexual misconduct with a minor tracked the language of the statute and did not preclude consideration of the intent element of the crime. Specifically, Warren was not prohibited from arguing that any touching of R.N. was innocent. Thus, the instructions given to the jury contained words which in their plain meaning could be understood by the jury as including criminal intent and did not mislead the jury as to the law of the case. We find no fundamental error in the jury instructions.

## II. *Sufficiency of the Evidence*

 Warren contends that there was insufficient evidence presented at trial to support his conviction. Our standard of review when the sufficiency of the evidence is challenged is well settled. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995). We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.* The conviction will be affirmed if evidence of probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

 To sustain Warren's conviction for sexual misconduct with R.N. the State needed to prove that Warren did: 1) perform sexual intercourse; 2) with R.N.; 3) when Warren was at least eighteen years of age; and 4) when R.N. was at least fourteen years of age, but less than sixteen years of age. Warren claims that the evidence is insufficient to prove sexual intercourse. However, R.N. testified that Warren inserted his penis into her vagina from behind. Testimony from the victim alone is sufficient to sustain a conviction. *Griffin v. State*, 583 N.E.2d 191, 193 (Ind.Ct.App.1991). Furthermore, a con-

viction may stand on the uncorroborated evidence of a minor witness. *Nelson v. State*, 525 N.E.2d 296, 297 (Ind.1988). We will not impinge on the jury's responsibility to assess credibility and weigh evidence, unless this court is confronted with inherently improbable testimony, or equivocal, wholly uncorroborated testimony of incredible dubiousity. *Becker v. State*, 585 N.E.2d 279, 281 (Ind.Ct.App.1992). Accordingly, the State presented sufficient evidence from which a jury could conclude that Warren was guilty beyond a reasonable doubt.

## III. *Ineffective Assistance of Counsel*

 Warren contends that his counsel was constitutionally ineffective in his representation. The United States Supreme Court has established a two-part standard to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed in an ineffective assistance of counsel claim, the defendant must first show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. The defendant must then show that his counsel's substandard performance was so prejudicial as to deny the defendant a fair trial. *Lawrence v. State*, 464 N.E.2d 1291, 1294 (Ind.1984) (adopting *Strickland v. Washington*). Only when a conviction occurs as a result of a breakdown in the adversarial process rendering the trial result unreliable is a defendant denied a fair trial. *Siglar v. State*, 541 N.E.2d 944, 946 (Ind.1989). To demonstrate that a trial result is unreliable, a defendant must show that, but for counsel's unprofessional errors, the result would have been different. *Miller v. State*, 541 N.E.2d 260, 262 (Ind.1989).

Warren cites several events during trial which, he argues, demonstrates that he received ineffective assistance of counsel. He argues 1) that trial counsel was ineffective in that counsel failed to narrow the time frame in which the incident occurred, 2) that trial counsel was ineffective in that counsel failed to find inconsistencies in R.N.'s testimony through cross-examination, 3) that trial counsel was ineffective in that counsel failed to

object to testimony of R.N.'s corroborating witnesses, thereby allowing the State to introduce inadmissible evidence, and 4) that trial counsel was ineffective in that counsel failed to pursue a defense strategy.

■ Warren first argues that had trial counsel investigated the time frame, there could have been evidence that R.N. was thirteen instead of fourteen. Time is not of the essence in sex crimes against children. *Barger v. State*, 587 N.E.2d 1304, 1307 (Ind. 1992). The exact date becomes important only in limited circumstances, including the case where the victim's age at the time of the incident falls at or near the dividing line between classes of felonies. *Id.* When it is difficult to determine the victim's age at the time of the offense, it is sufficient to charge and convict the defendant of the lesser felony. *Id.* at 1307–1308. In this case, had R.N. been thirteen at the time of the incident, Warren would have been subject to sexual misconduct with a minor as a Class B felony rather than as a Class C felony.

■ Warren next argues that his trial counsel was ineffective for failing to effectively cross-examine R.N. Warren fails, however, to demonstrate that this alleged error denied him a fair trial or placed the verdict in doubt. To demonstrate that a trial result is unreliable, a defendant must show that, but for counsel's unprofessional errors, the result would have been different. *Miller*, 541 N.E.2d at 260. Warren failed to demonstrate that if his trial counsel had cross-examined R.N. differently, the outcome would have been different.

Warren also argues that trial counsel was ineffective for failure to object to testimony of R.N.'s corroborating witnesses, thereby allowing the State to introduce hearsay. During direct examination of a classmate of R.N.'s, Warren's trial counsel objected on the basis of hearsay that the witness was repeating what R.N. had told her concerning the sexual assault. However, the State asserted, and the trial court agreed, that the testimony went to the identification of Warren as the perpetrator. Warren's trial counsel agreed with the trial court and withdrew his objection. Thus, we find no claim of prejudice from the admission of the classmate's testimony because the trial court ruled that the testimony was not hearsay.

■ Finally, we cannot agree that Warren's trial counsel was ineffective for failing to pursue a particular defense strategy. Warren contends that his trial counsel was ineffective for failing to subpoena an expert to testify as to the physical impossibility of sexual intercourse with R.N. Instead, trial counsel relied upon the jury to use their own experience and common sense to arrive at a determination of the possibility of the act. Tactical decisions are left to trial counsel. These decisions do not render trial counsel's representation ineffective. *Garrett v. State*, 602 N.E.2d 139, 142 (Ind.1992). We will not, after the fact, speculate about whether a different strategy might have been more effective. *Fugate v. State*, 608 N.E.2d 1370 (Ind.1993).

Warren fails to demonstrate how any of these events denied him a fair trial. He fails to show that, but for his trial counsel's actions, the outcome of the trial would have been different. None of the claims raised demonstrate that Warren's trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. None of Warren's trial counsel's actions demonstrate substandard performance so prejudicial as to deny him a fair trial. Thus, he failed to demonstrate that his trial counsel's actions violate the requirements set out in *Strickland v. Washington.* We conclude that Warren's trial counsel was not unconstitutionally ineffective.

## CONCLUSION

The trial court properly instructed the jury. The State presented sufficient evidence to convict Warren of sexual misconduct with a minor. Warren's trial counsel was not constitutionally ineffective.

Affirmed.

RUCKER and GARRARD, JJ., concur.