**James CLARK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9907–CR–307.**

Court of Appeals of Indiana.

May 18, 2000.

Jane Ruemmele, Laudig George Ruther-ford & Sipes, Peter Nugent, Nugent Arnett & Oakes, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAKER, Judge

Appellant-defendant James Clark appeals his conviction for Child Molesting,[1] a Class A felony. Specifically, he argues that the trial court erred in (1) denying defense counsel's instruction on the element of intent in the child molesting statute; (2) allowing a testifying police officer to reveal the contents of a report which alleged that an act of child molesting had occurred; (3) allowing into evidence a statement he made to an investigating detective; and (4) using the Rape Shield Statute to prohibit the defense from developing facts in support of its theory. Finally, Clark argues that his conviction is not supported by sufficient evidence.

### FACTS

The facts most favorable to the verdict reveal that during the late summer or fall of 1997, Clark, then age thirty-nine, went to the bedroom of his then eleven-year-old daughter, M.M., and, while she was lying in bed, put his finger into her vagina. Clark then told M.M. not to tell her mother (Kathleen) because either her mother would kill Clark or the knowledge of what had happened would kill her mother.

On January 22, 1998, the State filed a charging information alleging that Clark committed Child Molesting between July 4, 1997 and October 1, 1997. During

---

1. IND.CODE § 35–42–4–3.

Clark's trial, which commenced on April 26, 1999, Indianapolis Police Detective Tom McGraw testified regarding the course of his investigation of Clark. The trial court allowed Detective McGraw to testify over Clark's objection, that he had received a "310 report" in which Kathleen had alleged Clark had molested M.M. Record at 209.

The trial court also admitted a taped telephone conversation between Clark and Detective McGraw over Clark's objection. During the conversation, Detective McGraw informed Clark that he did not have to speak to him. However, Clark wanted to talk to Detective McGraw and made an appointment for the following morning. Detective McGraw also expressed concern that Clark might be suicidal and urged him not to harm himself. Without prompting or questioning by Detective McGraw, Clark revealed that he had "screwed up" and that he had put his finger into M.M.'s vagina. R. at 104, 106–08.

On direct examination, M.M. testified that Clark had put his finger into her vagina to determine if she had been sexually active. On cross-examination, Clark attempted to ask M.M. whether she had written letters which caused Clark to be concerned about whether she had been sexually active. The trial court sustained the State's objection to evidence about the letters under the Rape Shield Rule, Ind. Evidence Rule 412; IND.CODE § 35–37–4–4.[2]

Furthermore, the trial court gave a preliminary instruction on child molesting as follows:

A person who, with a child under fourteen (14) years of age, performs or submits to deviate sexual conduct commits child molesting. The offense is a Class A felony if it is committed by a person at least twenty one (21) years of age.

The elements of this offense are that the defendant must:

1. with a child under fourteen (14) years of age

2. perform or submit to deviate sexual conduct

3. when the defendant was at least twenty one (21) years of age.

The term "deviate sexual conduct" as used herein means an act knowing or intentionally [sic] involving the penetration of the sex organ or anus of a person by an object.

R. at 51. In addition, the trial court refused to give Clark's proffered instructions, which follow:

### Instruction 4

The crime of child molesting is defined by statute as follows:

A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct, with the intent to arouse or satisfy the sexual desires of the child, and the defendant was over the age of twenty-one (21) years of age, commits child molesting a Class A felony.

To convict the defendant, the State must have proved each of the following elements beyond a reasonable doubt:

The Defendant

1. Knowingly or intentionally

2. I.C. § 35–37–4–4, commonly known as the Rape Shield law, provides in relevant part that, in a prosecution for a sex crime, evidence, opinion evidence or reputation evidence of the victim's past sexual conduct may not be admitted, except for:
 evidence:
 (1) of the victim's ... past sexual conduct with the defendant;
 (2) which in a specific instance of sexual activity shows that some person other than

the defendant committed the act upon which the prosecution is founded; or
(3) that the victim's pregnancy at the time of trial was not caused by the defendant. Evid. R. 412 also prohibits evidence of the past sexual activity of a victim or witness and provides for the same three exceptions of I.C. § 35–37–4–4 and a fourth exception: evidence of conviction for a crime to impeach under Rule 609.

2. Performed or submitted to deviate sexual conduct

3. With the intent to arouse or satisfy the sexual desires of the child or the defendant.

4. When the child was under fourteen years of age, and

5. The defendant was over twenty-one years of age.

If the State failed to prove any of these elements beyond a reasonable doubt, you should find the defendant Not Guilty.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant Guilty of child molesting, a Class A felony.

*Authorities*

Indiana Pattern Jury Instruction No. 3.33.

*Warren v. State,* 701 N.E.2d 902, Ind. App.Ct. (1998).

*Cardwell v. State,* 516 N.E.2d 1083, Ind.App.Ct. (1987).

*Warrick v. State,* 538 N.E.2d 952, Ind. App.Ct. (1989).

Instruction 5

The crime of child molesting in the State of Indiana as a Class A Felony requires proof that the defendant acted with the intent to arouse or satisfy the sexual desires of the child or himself.

[Authorities omitted.]

R. at 45–46. Clark was convicted of child molesting. The trial court sentenced Clark to the minimum executed sentence of twenty years. Clark now appeals.

*DISCUSSION AND DECISION*

*I. Jury Instruction*

We address first Clark's argument that the trial court's refusal to give Clark's proffered instruction on child molesting was error because we find this dispositive. Clark asserts that the trial court erred in leaving out of its definition of child molesting the element that the act in question be performed with the intent to arouse or satisfy the sexual desires of the child or the defendant. He maintains that the trial court erred in refusing his proffered instruction which remedied the defect in the trial court instruction.

■■■ We note initially that when we evaluate whether a trial court erred in refusing or giving an instruction, we look at the following factors: 1) whether the tendered instruction correctly states the law; 2) whether there is evidence in the record to support giving the instruction; 3) whether the substance of the instruction is covered by other instructions. *Fields v. State,* 679 N.E.2d 1315, 1322 (Ind.1997). Instruction of the jury lies within the trial court's discretion and reversal occurs only when the trial court has abused its discretion. *Edgecomb v. State,* 673 N.E.2d 1185, 1186 (Ind.1996). We consider the jury instruction as a whole and in reference to each other. *Conner v. State,* 711 N.E.2d 1238, 1247 (Ind.1999). An error in an instruction will not result in reversal unless the entire charge misleads the jury. *Edgecomb,* 673 N.E.2d at 1186. We further note that this court has found that the crime of child molesting requires proof of mens rea. *Warren v. State,* 701 N.E.2d 902, 905 (Ind.Ct.App.1998) *trans. denied; Cardwell v. State,* 516 N.E.2d 1083, 1086–87 (Ind.Ct.App.1987), *trans. denied.*[3]

---

**3.** In certain cases, we have found that there was no reversible error where the element of intent to arouse was missing from an instruction on child molesting. However, this occurred in circumstances where other instructions spoke explicitly to that intent element, or to "injurious conduct" or to "sexual grati-

fication." *Snider v. State,* 468 N.E.2d 1037, 1039 (Ind.1984); *Jarrett v. State,* 580 N.E.2d 245, 253 (Ind.Ct.App.1991); *Cardwell,* 516 N.E.2d at 1087. It also occurred where the defendant could not establish a claim of fundamental error. *Warren,* 701 N.E.2d at 905; *Mullins,* 486 N.E.2d at 625.

Clark's proffered instructions include the element of criminal intent, that is, an intent to arouse sexual desire. R. at 45–46. The State has argued that the trial court's instruction is not an abuse of discretion because, taken together with the other instructions, it does not preclude the jury from considering Clark's claim that he did not have the requisite sexual intent. The State also argues that there is no mens rea requirement for cases of deviate sexual conduct because, unlike fondling, which has a mens rea element, an act which constitutes deviate sexual conduct is in itself proof of sexual intent.

■ Contrary to the State's claim, there is a mens rea requirement for acts of deviate sexual conduct. See *Warren*, 701 N.E.2d at 905; *Cardwell*, 516 N.E.2d at 1086–87. Here, the trial court's instruction explains that an act "knowing or intentionally" [sic], must be committed. However, it contains no description whatsoever of the criminal intent involved, namely, of the mens rea which makes child molesting a criminal act and a doctor's examination not a criminal act. R. at 51.

■ We conclude that the trial court instructions are inadequate to describe the elements that the State is required to prove in order to convict a defendant of child molesting. Thus, the instructions are an incorrect statement of the law, whether seen as a whole or taken together. We find that the trial court erred in refusing the instruction which would have made criminal intent a separate element which the State was required to prove. For this reason, we reverse and remand to the trial court with instructions to grant a new trial. We next address the other issues raised by Clark so that they will not be the subject of contention at a future trial.

## II. Reference to the Report of Child Molesting

Clark next argues that the trial court improperly admitted into evidence a reference to the "310 report" which Detective McGraw had been given and which contained an allegation by Kathleen that Clark had molested M.M. Appellant's brief at 15. Specifically, he argues that the contents of the report were hearsay.

■ We note initially that the decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse the trial court's decision on appeal absent an abuse of that discretion. *Maslin v. State*, 718 N.E.2d 1230, 1234 (Ind.Ct.App.1999). Furthermore, we observe that hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Spencer v. State*, 703 N.E.2d 1053, 1056 (Ind.1999) (citing Ind. Evidence Rule 801(c)). While hearsay is generally not admissible, it is admissible for the State to offer testimony to show the investigative steps that a police officer took. *Id.* at 1057. Such testimony must be limited to the purpose of describing the course of the investigation. *Id.*

■ In this case, the testimony regarding the allegations in the report were not to prove the truth of the matter asserted but to explain why Detective McGraw proceeded as he did, interviewing Kathleen and later contacting Clark. R. at 209–10. Thus, the trial court did not err in allowing Detective McGraw to state that he had received a report alleging child molesting. *See Spencer*, 703 N.E.2d at 1056.

## III. Conversation with Detective

Clark next alleges that the trial court erred in admitting the tape recording of a telephone conversation which he had with Detective McGraw on January 20, 1999. Clark concedes that *Miranda* warnings were not required because he was not in custody at the time of the conversation. However, he argues that the Due Process Clause prohibits police deception from undermining the voluntariness of a defendant's confession.

We observe that, to show that a confession is not voluntary under the Due Process Clause of the Fourteenth Amendment, a defendant must demonstrate that there was coercive police action. *A.A. v. State,* 706 N.E.2d 259, 262 (Ind.Ct.App. 1999). A confession is voluntary if, "in light of the totality of the circumstances, the confession is the product of a rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will." *Id.* The inquiry focuses on whether the defendant's statements were induced by violence, threats, promises or other improper influence, and thus were not freely self-determined. *Id.*

In this instance, the tape and the surrounding circumstances reveal no coercion on the part of Detective McGraw. To the contrary, Detective McGraw told Clark that Clark did not have to speak with him. R. at 224, 225–26. Furthermore, Detective McGraw only sought an appointment with Clark, at his office. R. at 224–25, 229. Clark asked to come to the appointment that evening, but Detective McGraw stated that he had personal matters to attend to and could see Clark early the next morning. R. at 224–25. Detective McGraw expressed concern over Kathleen's statements that Clark might be suicidal and urged Clark not to harm himself because his family still needed him. R. at 226–29. Then Clark proceeded to state that he and his wife did not drink or take drugs and that they go to church. R. at 230. Clark expressed fear that he would lose his daughter. R. at 231. Then he stated that he had "screwed up" and that he "went into her room and ... touched her 'cause my mind—had broken.'" R. at 230–31. Clark himself initiated this statement. R. at 230. Detective McGraw did not attempt to elicit a confession, nor did he mislead Clark as to his identity as the detective on the case but rather twice mentioned his title. R. at 221–22, 230. Because there are no indicia of coercion present in this exchange, we conclude that the trial court properly admitted the tape recording into evidence.

## IV. Use of the Rape Shield Statute

Clark next contends that the trial court erred in using the Rape Shield law to prohibit his defense from developing facts in support of its theory, namely, that Clark had inserted his finger into M.M.'s vagina to ascertain whether she had been sexually active. Specifically, he maintains that the trial court erred in barring his cross-examination of M.M. regarding letters she had written in which she had informed friends of her sexual activities.

We observe that the Rape Shield law and the related Evid. R. 412 are both reflective of a state policy to "prevent the victim from being put on trial, to protect the victim against surprise, harassment, and unnecessary invasion of privacy, and, importantly, to remove obstacles to reporting sex crimes." *State v. Walton,* 715 N.E.2d 824, 826 (Ind.1999). However, the law and the rule are designed only to preclude evidence of a complaining witness's prior sexual conduct. *Id.* This court and our supreme court have carved out certain exceptions to the rape shield rule in an effort to balance the rights of the defendant to cross-examination against the rights of the victim not to have his or her prior sexual conduct made part of the trial.

Among the court-created exceptions, our supreme court has found that a defendant on trial for rape may impeach a victim witness with the fact that she has made prior false accusations of rape because such evidence goes to verbal conduct, not sexual conduct. *Id.* Furthermore, when a defendant was convicted of child molesting and the rape shield statute had been used to bar evidence of a prior sexual assault on the mentally disabled victim, we reversed the defendant's conviction, finding that the restriction on discussion of the prior molesting denied the defendant a "full and fair opportunity to probe and expose the

infirmities in the witnesses' testimony." *Saylor v. State,* 559 N.E.2d 332, 335 (Ind. Ct.App.1990), *trans. denied.*

 In sum, the Rape Shield statute has repeatedly been found constitutional on its face so long as it does not violate a defendant's right to cross-examination. *Steward v. State,* 636 N.E.2d 143, 147–148 (Ind.Ct.App.1994) *aff'd,* 652 N.E.2d 490 (Ind.1995). However, we have held that the validity of precluding particular exculpatory evidence should be determined on a case-by-case basis to assure that no violation of the right to cross-examination has occurred. *Id.* at 148. We have also found that the State may not "apply a rule of confidentiality mechanistically to prohibit the defense from either offering its version of the facts or assuring through cross-examination that the trier of fact has a satisfactory basis for evaluating the truth of the witnesses' testimony." *Saylor,* 559 N.E.2d at 335.

In this case, Clark's defense was that he did not have a criminal intent in partially inserting his finger into M.M.'s vagina. R. at 174. He stated to Detective McGraw that he had discovered letters in which M.M. had revealed to her friends that she had had sexual relations with a neighborhood boy. R. at 231. M.M. testified that her parents had found some letters she had written to friends. R. at 173. After an objection by the State and a brief colloquy outside the jury's presence, the trial court forbade the defense from pursuing a line of questioning regarding the contents of the letters in cross-examination. R. at 179.

 Furthermore, rather than redact information concerning the letters, the State itself put into evidence Detective McGraw's report in which Clark stated that he and Kathleen had found letters written by M.M. which regarded her being sexually active. R. at 231. Thus, the jury might properly question the existence of the letters if they considered Clark's defense. Without deciding the ultimate le-gitimacy of Clark's defense, we must appreciate that leaving unanswered questions the jury might have regarding the existence and contents of the letters, and the resulting beliefs Clark may have held, constitutes an infringement on Clark's right to cross-examination. This is particularly true when the State put into evidence the very information which it then sought to suppress through the Rape Shield rule.

For these reasons, we find that under the particular circumstances of this case, the rape shield rule does not apply to evidence which merely establishes a basis for Clark's belief, because evidence of a basis for belief is not the same as evidence of actual prior sexual activity by the victim. The question of the basis for Clark's belief was before the jury. To disallow him from establishing a basis for his belief would be to "apply a rule of confidentiality mechanistically" and to prevent him from "offering [his] version of the facts." *Saylor,* 559 N.E.2d at 335.

### V. Sufficiency of the Evidence

Clark next argues that the evidence was not sufficient to support his conviction. Specifically, he maintains that, but for evidence which should not have been admitted, the State failed to prove either intent or penetration.

 While we agree here that Clark's present conviction for child molesting should be reversed for reasons of the trial court's error in refusing his instruction, we find nonetheless that the evidence was sufficient to convict him. We must address the issue of sufficiency of the evidence in order to ensure that any retrial will not be barred by principles of double jeopardy. *See Bragg v. State,* 695 N.E.2d 179, 180 (Ind.Ct.App.1998). Evidence is insufficient to convict when no rational fact finder could have found the defendant guilty beyond a reasonable doubt. *Matthews v. State,* 718 N.E.2d 807, 810–11 (Ind.Ct.App.1999). Retrial is the proper remedy when a conviction is reversed on appeal for error and the evidence at trial

was sufficient to support the original conviction. *Id.*

In this case, we reverse because of the error in jury instructions; however, we cannot say that the evidence at trial was insufficient to support the original conviction. Thus, we remand for retrial.

## CONCLUSION

In summary, we find that the trial court erred in excluding the mens rea element from the jury instruction on child molesting, and we thus reverse and remand. We further find that there was no error in admitting a police detective witness's reference to a report of child molesting, nor in admitting the taped conversation of Clark with that detective. We further find that the Rape Shield law, in this instance, does not prevent Clark from cross-examination to establish the basis for his belief about the sexual activity of his child. Finally, we find the evidence was not insufficient to support the conviction. However, because of the trial court's error, we remand for a new trial.

Judgment reversed and remanded.

KIRSCH, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent to Issue I and IV, Jury Instruction and Use of the Rape Shield Statute, and would affirm the conviction of Clark.

*Mullins v. State,* 486 N.E.2d at 626, made it clear that there is no error where a court's instructions on child molesting fail to sort out and separately refer to the criminal intent element so long as that element is not eliminated or consideration of it prohibited by the tendered instructions. Here, as in *Mullins,* the trial court instructed the jury on the elements of child molesting by tracking the statute. We found in *Mullins* that the instructions did not preclude the defense from proving that any touching was innocent. Similarly,

in *Warren v. State,* 701 N.E.2d at 906, we found that the instructions on sexual consideration of the intent element.

It is the same in the case before us. Clark was not prohibited from arguing that any touching of M.M. was not done with criminal intent.

I also disagree with the majority regarding the admission of letters M.M. had written to her friends about alleged sexual activity. The Rape Shield Law provides that the only way past sexual activity of a victim or witness can be admitted in evidence is: 1) past sexual conduct with the victim; 2) evidence that some person other than defendant committed the act; 3) if victim is pregnant at time of trial and under Evid. R. 412, if the past sexual activity is evidence of conviction for a crime to impeach under Rule 609. I fail to see how admitting the letters written by a 11 year old girl to her girlfriends fits within any of the statutory exceptions or exception to Rule 412.

Clark offers the evidence about the letters to bolster his defense that he was concerned about his daughter's alleged sexual activity. This, however, does not fit within the exceptions. Rule 412 seeks to prevent undue embarrassment and public humiliation for a sex crime victim and to prevent the trial from becoming an inquiry about *her* past conduct. *Williams v. State,* 681 N.E.2d 195, 200 (Ind.1997). The Rule facilitates reports of sex crimes. *Id.*

The exclusion of this evidence did not deny Clark his right to confront M.M. During trial Clark was able to explain his reason for the touching and, in fact, M.M. testified that her parents had found some letters she had written to her friends. The State itself, through Detective McGraw's report, acknowledged that they had found letters written by M.M. that stated she had been sexually active. I disagree with the majority opinion that concludes: "Thus, the jury might properly question the existence of the letters if they considered Clark's defense." There was

no dispute that the letters were in existence and, therefore, his right to cross-examine M.M. was not impinged upon. The State's evidence and Clark's evidence were consistent and he was able to argue the intent element of the crime. The letters themselves were properly excluded because they did not fit within any exception.

Rape shield laws are rules of relevance. When the balance is between relevance and due process, the correct result would be to exclude irrelevant evidence, because defendants have no constitutional right to introduce irrelevant and inflammatory evidence. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).